HOEPPNER CONSTRUCTION COMPANY, Inc.; and Houston Fire and Casualty Insurance Company, a Texas corporation, Appellants,

v.

UNITED STATES of America, for the use of E. L. MANGUM and A. E. Estes, Jr., doing business as United Painters & Decorators, a co-partnership, Appellee.

No. 6312.

United States Court of Appeals Tenth Circuit.

Dec. 13, 1960.

Rehearing Denied March 30, 1961.

Lowell White, Denver, Colo. (Walter A. Steele, Denver, Colo., was with him on the brief), for appellants.

Ira C. Rothgerber, Jr., Denver, Colo., and William E. Shade, Denver, Colo. (Rothgerber, Appel & Powers, Denver, Colo., were with them on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

This case arose under the Miller Act, 40 U.S.C.A. § 270a et seq. The United

States awarded to Hoeppner Construction Company, hereinafter referred to as the prime contractor, a contract for the rehabilitation of thirty-five barracks at Lowry Air Force Base, located at Denver, Colorado; and Houston Fire & Casualty Company executed as surety the required payment bond. The prime contractor awarded to E. L. Mangum and A. C. Estes, doing business under the trade name United Painters & Decorators, hereinafter referred to as the subcontractor, a subcontract to furnish the materials and perform the labor necessary to do the painting required by the prime contract; and Aetna Casualty and Surety Company, hereinafter referred to as Aetna, executed as surety the performance bond given in connection with the subcontract. The amount to be paid the subcontractor was $40,000. The United States, for the use and benefit of the subcontractor, brought the action to recover from the prime contractor and the surety on the payment bond $14,756.59 alleged to be due the subcontractor. A balance of $9,520.55 due on the original contract price, and claims for extra material furnished and labor performed due to additions and changes made in the prime contract, were pleaded in the complaint and set forth in a document in the nature of a bill of particulars filed in the action. The prime contractor did not appear. The surety on the payment bond pleaded that the subcontractor was not the real party plaintiff in interest; pleaded that the prime contractor had made full payment of all sums due the subcontractor; pleaded that the claim was barred for failure of the subcontractor to file for record in Colorado a partnership affidavit as was required by the law of that state; and pleaded that the prime contractor had furnished materials and labor to the subcontractor which constituted an offset and counterclaim against the subcontractor. By counterclaim, judgment was sought in the sum of $19,051.05. The court found and determined in effect that the prime contractor and the surety on the payment bond were indebted to the subcontractor in the sum of $10,645.81, and that the subcontractor was indebted to the prime contractor in the sum of $2,091.37. Judgment was entered for the subcontractor against the surety on the payment bond for $8,554.44, with interest.

█ The judgment is challenged on the ground that the subcontractor failed to file for record in Colorado a partnership affidavit as required by the law of that state. It is provided by statute in Colorado that any partnership or association of persons doing business or carrying on any trade in the state under any other name than the personal name or names of his or its constituent members shall file for record with the clerk and recorder of a specified county an affidavit setting forth certain specified information. C.R.S.1953, § 141–2–1. And it is further provided by statute that in default of filing such affidavit, a partnership shall not be permitted to prosecute suits for the collection of debts until the affidavit has been filed. C.R.S. 1953, § 141–2–2. But the right to maintain this action does not have its source in the law of Colorado. The right to institute and maintain the action in the United States District Court is expressly granted by the Miller Act. 40 U.S.C.A. § 270b. And the statutes of Colorado requiring the filing of the affidavit and withholding the right to prosecute an action for the collection of a debt until the affidavit has been filed do not condition or otherwise proscribe in any manner the right of the United States to institute and maintain in the United States Court for the use and benefit of a subcontractor an action against the prime contractor and the surety on the payment bond to recover a balance due for materials furnished and labor performed in pursuance of the subcontract.

█ The substance of another ground of challenge to the judgment is that title to the claims asserted in the complaint was not vested in the subcontractor at the time of the commencement of the action or at any time thereafter. The argument is that the claims

of the subcontractor against the prime contractor had been assigned to Aetna; that Aetna was the real party in interest respecting the ownership of such claims; and that, therefore, the action could not be maintained for the use and benefit of the subcontractor. The application for the performance bond submitted by the subcontractor to Aetna contained language which provided in effect that if the subcontractor should fail to pay bills incurred on the work when they became due and payable, or should fail to comply with the terms or conditions of the subcontract, all monies which were then due or should thereafter become due the subcontractor were by the application assigned and transferred to Aetna and should be by it credited upon any loss, damage, charge, and expense sustained or incurred by it under the bond. The subcontractor became indebted to The Glidden Company for materials furnished and labor performed in connection with the subcontract; and while the work under the subcontract was still in progress, the subcontractor executed a written instrument in which $12,343.21 due or to become due the subcontractor was assigned to The Glidden Company. In consideration of $8,435.60 paid to it by Aetna, The Glidden Company assigned to Aetna all of its rights against any and all persons by reason of having furnished materials and labor to the subcontractor. The subcontractor also became indebted to Guiry's Wallpaper and Paint Company for materials furnished and labor performed for the subcontractor. But the subcontractor did not execute an assignment in favor of the Guiry's Company. Without having any assignment from the subcontractor, the Guiry's Company executed an assignment in which it assigned to Aetna all rights which it had against any persons by reason of having furnished materials and performed labor to the subcontractor. The assignment recited receipt of $1,825.40 from Aetna. Aetna gave notice to the prime contractor and the surety on the payment bond of the provision in the application for the performance bond relating to the assignment of funds to Aetna, and also of assignments which it received from the Glidden Company and the Guiry's Company, respectively. Aetna was not joined as a party to the action. Federal Rule of Civil Procedure 17(a), 28 U.S. C.A., provides in presently pertinent part that every action shall be prosecuted in the name of the real party in interest; and Colorado Rule of Civil Procedure 17, 1 C.R.S.1953, is identical. Of course, the question whether an assignor or an assignee of an assigned claim or debt is the real party in interest in point of having sufficient right therein to enable him to maintain an action thereon in his own name is referable to the substantive law of the state. Taylor Co. v. Anderson, 275 U.S. 431, 48 S.Ct. 144, 72 L.Ed. 354. And it is the law in Colorado that where an account, claim, or debt has been effectively assigned in full, the assignee is the real party in interest with right to maintain an action thereon. Arkansas Valley Smelting Co. v. Belden Mining Co., 127 U.S. 379, 8 S.Ct. 1308, 32 L.Ed. 246; Bassett v. Inman, 7 Colo. 270, 3 P. 383; Gomer v. Stockdale, 5 Colo.App. 489, 39 P. 355; Bankers Trust Co. v. International Trust Co., 108 Colo. 15, 113 P.2d 656; W. F. Pigg & Son v. United States, 10 Cir., 81 F.2d 334; Kilbourn v. Western Surety Co., 10 Cir., 187 F.2d 567. At the same time, the common law rule that the assignment of only a part of an entire claim or debt does not vest in the assignee a right of action in his own name has been expressly applied in Colorado. Smith v. Atkinson, 18 Colo. 255, 32 P. 425; Hall v. Allen, 46 Colo. 355, 104 P. 489. Enunciating somewhat in amplified form the common law rule in that state, it has been said, "if the assignor * * * has not assigned the entire claim, * * * he can still maintain an action in his own name, leaving the assignee to assert his interest by intervention, and the defendant to plead a prior assignment, if he has knowledge of it, for his own protection." Wells v. Crawford, 23 Colo. App. 103, 127 P. 914, 916.

■ Aetna did not hold from anyone an effective assignment executed by the subcontractor assigning all funds due or to become due the subcontractor. The language relating to assignment contained in the application for the performance bond was intended merely to provide collateral security to protect Aetna against loss incurred in the discharge of its obligation under the bond. Under its terms, the funds assigned to Aetna out of funds due the subcontractor were limited in amount to Aetna's outlays in the discharge of its obligation under the bond. No more. Any balance due the subcontractor was not affected by the assignment. Similarly, the assignment to The Glidden Company was expressly limited in amount to $12,-343.21. By its terms, that amount and no more was to be paid to The Glidden Company out of any funds due the subcontractor. Any balance earned by the subcontractor in excess of that figure was not affected in any manner by the assignment. It belonged to the subcontractor, not The Glidden Company. And the only right which Aetna acquired under its assignment from the Guiry's Company was the right of an assignee of one who had furnished material and performed labor for the subcontractor. Since Aetna did not have effective assignments from the subcontractor for all funds due and to become due the subcontractor, the action was maintainable for the use and benefit of the subcontractor.

■ The surety on the payment bond advances the further but somewhat related argument that the subcontractor cannot recover against the prime contractor and its surety until the rights of Aetna are either released or adjudicated; that they cannot be adjudicated in this action because Aetna is not a party; and that the prime contractor cannot be required to pay the same amount twice. Had the surety on the payment bond desired to protect itself against the lurking danger of being required to make double payment of the same amount— once to the subcontractor and once to Aetna—its remedy was to plead specifically the assignments to Aetna, ask that Aetna be made a party, and seek to have the rights of all parties adjudicated in a manner which would effectively foreclose the possibility of double payment. Rule of Civil Procedure 19(b), 28 U.S.C.A., made that course of procedure available to the surety on the payment bond. But it did not proceed in that manner. In the first place, it did not plead specifically that the subcontractor had assigned to anyone the whole or any part of the claims set forth in the complaint. It merely pleaded that the subcontractor was not the real party in interest. And that may have been a legal conclusion. In any event, the answer was silent in respect to any or all of the claims sued upon having been assigned to anyone. And, in the second place, no effort was made to have Aetna joined as a party to the action. Having failed to proceed in that manner, any defense in the nature of lurking danger of double payment inhering in the situation was waived.

■ Asserted error is predicated upon the action of the court in excluding as evidence a document which appeared on its face to be a carbon copy of a voucher relating to a certain check. Prior to the trial, an order had been entered in the case requiring the parties to file within a specified time a list of documents which would be offered in evidence. The voucher was not included in any list. Apparently, the first time any reference was made to it occurred at the time of its offer in evidence. In the circumstances, the admission or exclusion of the document rested in the sound judicial discretion of the court. Globe Cereal Mills v. Scrivener, 10 Cir., 240 F.2d 330. And we cannot say that the court abused its discretion in this instance.

Certain findings of fact made by the trial court are subjected to criticism. No good purpose would be served in detailing the several findings seriatim or the nature of the criticisms directed at

them, respectively. It is enough to say that we think the findings are adequately supported by the evidence and that they are not plainly wrong. Therefore, they must stand on appeal.

The judgment is affirmed.