485 F.2d 78
 VIRGINIA ELECTRIC AND POWER COMPANY, who sues for the Use
and Benefit of Insurance Company of North America, Appellee,
v.
WESTINGHOUSE ELECTRIC CORPORATION and Stone & Webster
Engineering Corporation, Appellants.
 No. 73-1212.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 4, 1973
Decided Oct. 3, 1973.
 
 James L. Sanderlin, Richmond, Va. (Robert E. Payne, McGuire, Woods & Battle, Richmond, Va., on brief) for appellant Westinghouse Electric Corp.
 Charles W. Laughlin, Richmond, Va. (J. Edward Betts, Christian, Barton, Parker, Epps & Brent, Richmond, Va., on brief) for appellant Stone and Webster Engineering Corp.
 Edward A. Marks, Jr., Richmond, Va. (Frank B. Miller, III, Albert M. Orgain, IV, and Sands, Anderson, Marks & Clarke, Richmond, Va., on brief) for appellee.
 Before HAYNSWORTH, Chief Judge, and CRAVEN and WIDENER, Circuit Judges.
 CRAVEN, Circuit Judge:
 
 
 1
 Virginia Electric and Power Company (VEPCO) brought this action on April 16, 1969, on its own behalf and on behalf of its insurer and partial subrogee, Insurance Company of North America (INA), to recover damages resulting from the failure of one of VEPCO's power generating stations. The defendants are Westinghouse Electric Corporation, builder of the station, and Stone and Webster Engineering Corporation, the engineers. Jurisdiction was founded on diversity of citizenship under 28 U. S.C. Sec. 1332.
 
 
 2
 The defendants moved to dismiss the action urging that INA, by virtue of the subrogation, was the real party in interest under Fed.R.Civ.P. 17 and must prosecute the action as plaintiff. Since INA is a Pennsylvania corporation, its joinder as party plaintiff would destroy diversity jurisdiction and require dismissal because defendant Westinghouse is also a Pennsylvania corporation. Alternatively, the defendants urged that INA was an indispensable person who could not be made a party (because to do so would destroy diversity jurisdiction) and that under Fed.R.Civ.P. 19(b) the action should be dismissed. The district court denied the motion to dismiss and certified, under 28 U.S.C. Sec. 1292(b), that a controlling question of law was involved as to which there existed a substantial ground for difference of opinion and that an immediate appeal would materially advance the litigation. We granted an interlocutory appeal to determine whether the district court properly concluded VEPCO could pursue this action for the entire loss and that the action could continue without joinder of INA. We think so, and affirm.
 
 I.
 
 3
 On January 22, 1967, a failure occurred at VEPCO's Mount Storm Generating Station, resulting in alleged losses of approximately $2,200,000. There was in effect an insurance policy issued by INA securing VEPCO against the risk of additional operating costs due to physical damage or loss to facilities. The policy contained a $100,000 deductible clause. Pursuant to the policy, INA originally paid VEPCO $1,900,000.
 
 
 4
 VEPCO then brought this action on its own behalf for $200,000 (the $100,000 loss uninsured under the deductible provision of the insurance policy plus $100,000 alleged expediting expenses) and for $1,900,000 for its insurer, INA. VEPCO also instituted a separate action against INA for an alleged balance owing under the insurance policy of approximately $200,000. VEPCO and INA settled that action, and VEPCO received an additional $50,000 from INA, leaving VEPCO with an unreimbursed loss of $150,000. In consideration of the settlement, VEPCO and INA agreed that INA would furnish counsel and have exclusive control over the present action and that INA would prosecute VEPCO's claims for the remaining uninsured loss.[1] Additionally, VEPCO executed a subrogation agreement whereby INA was subrogated to the rights of VEPCO against Westinghouse and Stone and Webster.[2]
 
 
 5
 The district court, construing the agreement of cooperation and the instrument of subrogation, found "that VEPCO has retained a pecuniary interest and that standing is retained by virtue of its intent to recover the uninsured loss." This finding is not contested on appeal. The district court then held that VEPCO as a real party in interest could proceed in the action to attempt to recover the full loss. The court concluded that INA was also a real party in interest and that the question of INA's joinder was to be determined under Rule 19. The district court found: (1) that nonjoinder would not prejudice the parties, (2) any danger of double claims against the defendants could be protected against by appropriate decrees;[3] (3) no other adequate forum existed for the resolution of the dispute in view of the interstate character of the dispute and the problems involved in obtaining personal jurisdiction in a state court. The court determined that in equity and good conscience the action should proceed among the parties before it without joinder of INA.
 
 II.
 
 6
 About the best that can be said for Fed.R.Civ.P. 17[4] is that it conveys a certain amount of correct information about naming plaintiffs. C. Wright, Law of Federal Courts Sec. 70, at 293-94 (2d ed. 1970). Originally intended to incorporate the more permissive practice of equity to permit persons having an equitable or beneficial interest to sue in their own names, it is now thought by some commentators to serve only to confuse the already complex problems of determining whether diversity of citizenship exists. 6 C. Wright & A. Miller, Federal Practice & Procedure: Civil Sec. 1541. Intended to expand the class of those who may sue to include persons having an equitable or beneficial interest, the rule is unfortunately susceptible to efforts to prevent prosecution of claims as illustrated by this appeal. Ingenious counsel are enabled to present yet another "decision point" resulting in extravagant expenditures of time and effort before ever reaching the merits. See J. Frank, American Law, The Case for Radical Reform 65 (1969).
 
 
 7
 "Rule 17(a) is a barnacle on the federal practice ship. It ought to be scraped away. . . . Rules 19, 17(b) and substantive rules as to stating a claim for relief are adequate without interjecting the meaningless, logically inconsistent commands of the real party in interest rule . . . ." Kennedy, Federal Rule 17(a); Will the Real Party in Interest Please Stand?, 51 Minn.L.Rev. 675, 724 (1967).
 
 
 8
 The meaning and object of the real party in interest principle embodied in Rule 17 is that the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation.[5] Whether a plaintiff is entitled to enforce the asserted right is determined according to the substantive law. In a diversity action such as this one, the governing substantive law is the law of the state.[6] While the question of in whose name the action must be prosecuted is procedural, and thus governed by federal law, its resolution depends on the underlying substantive law of the state.[7]
 
 
 9
 In the present case it appears that VEPCO has both a sufficient interest in the litigation and is entitled under the substantive law to recover for the entire loss resulting from the failure of its generating station. VEPCO retained a significant pecuniary interest in the litigation. Thus this is not a case where an insurer-subrogee has paid an entire loss suffered by the insured and is the only real party in interest who must sue in his own name. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 380-381, 70 S.Ct. 207, 94 L.Ed. 171 (1949).[8] In addition to having a sufficient interest in the litigation, VEPCO, as subrogor, is entitled under the substantive law to bring suit for its entire loss.[9] VEPCO, being entitled to enforce the right, may bring this action even though INA will ultimately receive the major portion of any recovery.[10]
 
 
 10
 To allow VEPCO to maintain this action for the entire loss accords with the purposes of Rule 17. Under the common-law practice, a subrogee or assignee could enforce his rights only in the name of his subrogor or assignor. The original purpose of Rule 17 was to liberalize party rules, i. e., to allow an assignee or subrogee to enforce his rights in his own name.[11] The permissive function of Rule 17 has been accomplished, and Rule 17 now serves primarily a negative function. It is to enable a defendant to present defenses he has against the real party in interest, to protect the defendant against a subsequent action by the party actually entitled to relief, and to ensure that the judgment will have proper res judicata effect.[12] In view of its current purpose, to protect defendants against subsequent suits, Rule 17 will not bar a suit by a real party in interest which will have the effect of preventing a multiplicity of suits.[13]
 
 
 11
 Where there is partial subrogation, there are two real parties in interest under Rule 17. Either party may bring suit-the insurer-subrogee to the extent it has reimbursed the subrogor, or the subrogor for either the entire loss or only its unreimbursed loss. If either the subrogor or subrogee brings suit, joinder is often appropriate upon proper motion by the defendant.[14] But joinder is not appropriate, and certainly not required by Rule 17, for the purpose of destroying diversity jurisdiction and requiring dismissal. Even without joinder the partial subrogee is generally precluded from bringing a subsequent action against the defendants where a judgment has been rendered in a suit by the subrogor for the entire loss.[15] Multiplicity of suits, one by the subrogor for his loss and one by the subrogee for the reimbursed loss, is thus prevented as fully as if joinder were compelled.
 
 
 12
 In the present case INA will clearly be precluded from subjecting Westinghouse and Stone and Webster to further suits. Under the cooperation agreement between VEPCO and INA filed with the court, INA has full and exclusive control of the litigation. It is settled under the applicable substantive law that any judgment will have full res judicata effect as to INA in these circumstances.[16]
 
 
 13
 Thus we conclude that the district court properly allowed the suit to continue with VEPCO as the party plaintiff. "It would result in unnecessary hardship and confusion to hold that such a company [as INA], entitled to partial subrogation, . . . must go into a state court and try over again issues that [will be] settled in the federal court. There is nothing in modern practice which sanctions any such absurdity." Virginia Electric & Power Co. v. Carolina Peanut Co., 186 F.2d 816, 821 (4th Cir. 1951).
 
 
 14
 As noted, the modern function of Rule 17 is to prevent the defendant from being subjected to subsequent suits. In Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), the Court stated that one of the primary considerations under Rule 19 in whether to allow a suit to continue where a party cannot be joined is the protection of a defendant from multiple litigation, or inconsistent relief. 390 U.S. at 10, 88 S.Ct. 733. In view of this overlap between Rule 17 and Rule 19, we think the emphasis in a case such as this should be on whether under Rule 19 the action should be allowed to continue without joinder of the absent party.[17] That an absent person who cannot be joined is a real party in interest does not conclude the matter-the court must determine whether, in equity and good conscience, the action should proceed without the person.[18]
 
 III.
 
 15
 It is clear that a partial subrogee is a person to be joined if feasible under Fed.R.Civ.P. 19(a).[19] United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 381-382, 70 S.Ct. 207, 94 L.Ed. 171 (1949). However, here the partial subrogee, INA, cannot be joined without destroying diversity jurisdiction, and Rule 19 by its own terms exhibits concern that the courts not be deprived of jurisdiction by unnecessary joinder. Fed.R.Civ.P. 19(a). In such a case the court must consider the four factors enumerated in Rule 19(b)[20] to determine whether in equity and good conscience the action should proceed, or should be dismissed, the absent person being regarded as indispensable. "Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968).
 
 
 16
 A review of the four interests which must be considered by the district court in its discretion demonstrates that the court below properly allowed the action to continue without joinder of INA. First, it is difficult to see how a judgment in this action might be prejudicial to either INA or the parties before the court. INA has control of the litigation and the opportunity to fully litigate its derivative rights arising out of subrogation. The defendants have failed to show how they would be prejudiced on the merits by nonjoinder of INA. Second, if any prejudice were shown, it can be avoided by the shaping of relief. Third, it is clear that a judgment rendered in INA's absence will be fully adequate to protect both INA and the parties and the public interest in the termination of disputes on the merits. The defendants have not sought any affirmative relief against VEPCO and do not suggest they would seek affirmative relief against INA if it were joined. Also because of INA's control of the suit, it will be bound by any judgment in favor of the defendants.[21] Fourth, it is not clear that plaintiff would have an adequate remedy in the courts of either Virginia or another state against both Stone and Webster and Westinghouse.[22] INA, the partial subrogee, is thus clearly not an "indispensable" party to this litigation. See United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 382 n. 19, 70 S.Ct. 207 (1949); Peoples Loan & Finance Corp. v. Lawson, 271 F.2d 529, 532 (5th Cir. 1959), cert. denied, 362 U.S. 903, 80 S.Ct. 613, 4 L.Ed.2d 555 (1960). The district court below correctly allowed the action to continue without joinder of INA.[23]
 
 
 17
 Accordingly, for the reasons stated, the decision of the district court is.
 
 
 18
 Affirmed.
 
 
 
 [1]
 VEPCO executed a cooperation agreement which provided in part:
 Vepco also agrees that the conduct of the continuing action to recover against Westinghouse and/or S. & W. for such claims shall be under the exclusive direction and control of the Insurer . . . . (7) Vepco and I.N.A. further agree that counsel for I.N.A. shall represent its claims, if any, against Westinghouse and/or S. & W. for uninsured loss, claim for which is in the sum of $150,000.00, but it shall be under no obligation for costs and expenses incurred in the prosecution of such claims conjunctively with those to which I.N.A. is subrogated.
 
 
 [2]
 The subrogation instrument provided in relevant part:
 . . . Vepco hereby subrogates the Insurer to all of its remaining rights of recovery against Westinghouse Electric Corporation and/or Stone & Webster Engineering Corporation . . . for the losses and claims and damages resulting from an occurrence on January 22, 1967, at its Mount Storm Power Station, Mt. Storm, West Virginia . . ..
 
 
 [3]
 Counsel for INA has now represented to the court that INA is willing to execute an agreement binding it to any final judgment in this action. Brief for appellee at 22
 
 
 [4]
 Fed.R.Civ.P. 17(a) provides:
 (a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.
 
 
 [5]
 6 C. Wright & A. Miller, Federal Practice & Procedure: Civil Sec. 1542, at 639, Sec. 1543 at 643-44 (1971) [hereinafter cited as Wright & Miller]; 3A J. Moore, Federal Practice p 17.02 at 53 (2d ed. 1970) [hereinafter cited as Moore]
 
 
 [6]
 United States v. 936.71 Acres of Land, 418 F.2d 551 (5th Cir. 1969); Hoeppner Constr. Co. v. United States ex rel. Mangum, 287 F.2d 108 (10th Cir. 1960); Moore, p 17.07 at 224-25. See also Travelers Indem. Co. v. Westinghouse Elec. Corp., 429 F.2d 77 (5th Cir. 1970); Standard Accident Ins. Co. v. Lohman, 295 F.2d 261 (7th Cir. 1961)
 
 
 [7]
 Cf. Gas Serv. Co. v. Hunt, 183 F.2d 417 (10th Cir. 1950)
 
 
 [8]
 See also City Stores Co. v. Lerner Shops, 133 U.S.App.D.C. 311, 410 F.2d 1010 (1969). Where an insured has been fully recompensed but appears as a party, the insured is a nominal party only. The insured's citizenship is not considered for purposes of diversity of citizenship, and upon timely motion the insurer-subrogee must be substituted as the party plaintiff. Link Aviation, Inc. v. Downs, 117 U.S.App.D.C. 40, 325 F.2d 613 (1963). In the present case, the subrogation is only partial, and it is only the citizenship of the plaintiff, VEPCO, which is considered in determining diversity. C. Wright, Law of Federal Courts Secs. 28-29 (2d ed. 1970)
 
 
 [9]
 Miller v. Tomlinson, 194 Va. 367, 73 S.E.2d 378 (1952); Glens Falls Ins. Co. v. Sherritt, 95 F.2d 823 (4th Cir. 1938); Carozza v. Boxley, 203 F. 673 (4th Cir. 1913). Va. Code Ann. Sec. 38.1-31.2 (Supp.1970) provides that an insurer-subrogee may bring suit in its own name, but this is permissive and does not prevent the subrogor from suing for the entire loss
 
 
 [10]
 Wright & Miller, Sec. 1543, at 643-44. See Interstate Fire Ins. Co. v. Sayers, 468 F.2d 1361 (5th Cir. 1972); Jackson Mfg. Co. v. United States, 434 F.2d 1027 (5th Cir. 1970)
 
 
 [11]
 Notes of Advisory Committee on Rules, Fed.R.Civ.P. 17, 28 U.S.C.A. at 16
 
 
 [12]
 Celanese Corp. v. John Clark Indus., Inc., 214 F.2d 551 (5th Cir. 1954). See generally United Fed'n of Postal Clerks, AFL-CIO v. Watson, 133 U.S.App.D.C. 176, 409 F.2d 462, 470-471 n. 34, cert. denied, 396 U.S. 902, 90 S.Ct. 212, 24 L.Ed.2d 178 (1969)
 
 
 [13]
 United Fed'n of Postal Clerks, AFL-CIO v. Watson, 133 U.S.App.D.C. 176, 409 F.2d 462, 470, cert. denied, 396 U.S. 902, 90 S.Ct. 212, 24 L.Ed.2d 178 (1969). It is urged that INA is already a party to the litigation by virtue of its being named a use plaintiff and because of the presence of its counsel. We think neither factor makes INA a party and that VEPCO may properly represent INA. See cases cited note 9 supra
 
 
 [14]
 Aetna, 338 U.S. at 381-382, 70 S.Ct. 207; Kansas Elec. Power Co. v. Janis, 194 F.2d 942, 944 (10th Cir. 1952); National Garment Co. v. New York, C. & St. L. R.R., 173 F.2d 32 (8th Cir. 1949)
 
 
 [15]
 Joyner v. F & B Enterprises, Inc., 145 U. S.App.D.C. 262, 448 F.2d 1185 (1971). Under substantive law the partial subrogee may be collaterally estopped from bringing a subsequent action and any recovery by the subrogor is impressed with a trust in favor of the subrogee. See Braniff Airways, Inc. v. Falkingham, 20 F.R.D. 141 (D.Minn. 1957). Also, as here, the subrogee may agree to be bound by the judgment. Urrutia Aviation Enterprises, Inc. v. B. B. Burson & Assoc., 406 F.2d 769 (5th Cir. 1969)
 
 
 [16]
 Patterson v. Saunders, 194 Va. 607, 74 S. E.2d 204, cert. denied, 345 U.S. 998, 73 S.Ct. 1132, 97 L.Ed. 1405 (1953)
 
 
 [17]
 SeeGargis v. B. F. Goodrich Co., 386 F. 2d 534 (3d Cir. 1967); Hoeppner Constr. Co. v. United States for use of Mangum, 287 F.2d 108 (10th Cir. 1960); Peoples Loan & Finance Corp. v. Lawson, 271 F.2d 529 (5th Cir. 1959), cert. denied, 362 U.S. 903, 80 S. Ct. 613, 4 L.Ed.2d 555 (1960); Celanese Corp. v. John Clark Indus., Inc., 214 F.2d 551 (5th Cir. 1954); Potomac Elec. Power Co. for use of Royal Indem. Co. v. Babcock & Wilcox Co., 54 F.R.D. 486 (D.Md.1972); Maryland for use of Geils v. Baltimore Transit Co., 37 F.R.D. 34 (D.Md.1965)
 
 
 [18]
 C. Wright, Law of Federal Courts Sec. 70, at 296 (2d ed. 1970)
 
 
 [19]
 Fed.R.Civ.P. 19(a) provides:
 (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.
 
 
 [20]
 Fed.R.Civ.P. 19(b) provides:
 (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
 
 
 [21]
 Patterson v. Saunders, 194 Va. 607, 74 S. E.2d 204, cert. denied, 345 U.S. 998, 73 S.Ct. 1132, 97 L.Ed. 1405 (1953)
 
 
 [22]
 It further appears that commencement of suit in another court may now be barred by the statute of limitations. 7 C. Wright & A. Miller, Federal Practice & Procedure: Civil Sec. 1608, at 80 (1972)
 
 
 [23]
 See Moore, p 19.14; 7 C. Wright & A. Miller, Federal Practice & Procedure: Civil Sec. 1608 (1972)