Lethia JEFFERSON t/o/u and t/u/o Insurance Company of North America

v.

AMETEK, INC., formerly American Machine and Metals, Inc., Troy Laundry Machinery Division.

Civ. No. B–79–2374.

United States District Court, D. Maryland.

April 3, 1980.

James M. Gabler, Philip Sturman and Smith, Somerville & Case, John T. Enoch and Goodman, Meagher & Enoch, Baltimore, Md., for plaintiffs.

Charles E. Iliff, Donald L. DeVries, Jr. and Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

C. STANLEY BLAIR, District Judge.

This action, originally filed in the Superior Court of Baltimore City, seeks damages for injuries sustained by plaintiff on theories of negligence, strict liability and breach of warranty. A petition for removal and bond were filed by defendant, thus removing the case to this court under 28 U.S.C. §§ 1441(a) and 1446. Plaintiff and use plaintiff now seek remand of the case to the state court. The issue has been briefed and no hearing is necessary. Local Rule 6.

As alleged in the complaint, those facts material to the issue now before this court are as follows. Plaintiff Lethia Jefferson (Jefferson) was an employee of Pilgrim Laundry and Dry Cleaning Co. (Pilgrim). In the course of her employment, she was operating a flatwork ironer manufactured by defendant Ametek, when her right hand was pulled into the machine, causing serious injury.

Under the Maryland Workmen's Compensation Act (the Act), Md.Code Ann., Art. 101, § 36, Jefferson has received and will continue to receive medical and disability payments from Pilgrim's insurer, use plaintiff Insurance Company of North American (INA). The present action is authorized by the Act, Art. 101, § 58, which provides that after two months following the award of the Workmen's Compensation Commission, an injured employee may bring an action against the third party alleged to be liable for his injuries. As workmen's compensation insurer, INA is a subrogee entitled to

reimbursement out of any recovery in this action, in the amount of compensation and medical fees paid to Jefferson or on her behalf. Art. 101, § 58 (1979 supp.).

The citizenship of the relevant actors is not in dispute. Plaintiff Jefferson is a citizen of Maryland. Use plaintiff INA is a Pennsylvania corporation with its principal place of business in Pennsylvania. Defendant Ametek is a Delaware corporation, also with its principal place of business in Pennsylvania.

Removal was predicated on the existence of jurisdiction in this court under 28 U.S.C. § 1332, diversity of citizenship. For the purposes of that section and the removal statute, 28 U.S.C. § 1441, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). As both INA and Ametek have the same principal place of business, a finding that INA is a properly named real party in interest in this action would destroy complete diversity of citizenship and leave this court without subject matter jurisdiction. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806); *Woodhouse v. Budwesky*, 70 F.2d 61, 62 (4th Cir.), *cert. denied*, 293 U.S. 573, 55 S.Ct. 84, 79 L.Ed. 671 (1934). The case would then have to be remanded as having been removed "improvidently and without jurisdiction." 28 U.S.C. § 1447(c); *Moore-McCormack Lines, Inc. v. Ingalls Shipbuilding Corp.*, 194 F.Supp. 412 (S.D.N.Y.1961).

Given the respective interests of the insurer and insured, it appears that this action could conceivably have been brought in any of three different forms. Assuming she satisfies the "real party in interest" rule, Jefferson could sue in her own name. A second option would be to bring the action by Jefferson as plaintiff, to her own use and to the use of INA. Finally, Jefferson and INA had the option of suing jointly as co-plaintiffs.

The jurisdictional ramifications of the first and third alternatives are quite clear.

Were Jefferson the only named party plaintiff, then the case would be one between citizens of diverse states, and thus properly before this court. Had the action been filed jointly by Jefferson and INA as parties plaintiff, precisely the opposite would be true. The common citizenship of INA and Ametek would require remand to the state court for want of federal jurisdiction.

■ Plaintiff elected the second alternative, however, filing the case as "Lethia Jefferson, to her own use and to the use of Insurance Company of North America." This practice appears to be common in the state courts.[1] Its use here, however, raises a problem of federal jurisdiction given the common citizenship of INA and Ametek. If the law recognizes a use plaintiff as a properly named party to the litigation in which it claims an interest, then complete diversity is lacking and the motion to remand must be granted. If, on the other hand, a use plaintiff is not a properly named party, then the court must treat this case as one between wholly diverse parties, Jefferson and Ametek, and deny the motion. Upon careful consideration, this court is convinced that the latter approach is correct.

The use plaintiff is a creature of the common law. Under the restrictive earlier practice, only the person having legal title to the right being asserted was entitled to bring an action at law. A subrogee or assignee, possessing only an equitable or beneficial interest, although able to maintain an action in equity, was not entitled to sue in his own name at law. Instead, the suit was brought at law by the legal owner to the use of the subrogee. 6 Wright & Miller, *Federal Practice and Procedure*: Civil § 1541 at 633–34.

The early statutes in Maryland and elsewhere extended the more permissive practice of the equity courts to actions at law. One holding an equitable or beneficial interest was entitled to prosecute an action in his own name. In cases involving subroga-

---

1. The practice has been permitted in the Federal District Court in Maryland as well. *Potomac Electric Power Co. v. Babcock & Wilcox Co.*, 54 F.R.D. 486, 492 n.8 (D.Md.1972).

tion, statutory law in Maryland not only created this right, but required that the action be brought in the name of the subrogee, Md.Code Ann., Art. 75, § 3 (1951 Code). While the statutory authority in this state has been repealed, it survives in the somewhat altered form of Rule 243(b). Under that Rule a defendant may petition the court to add as a party plaintiff any person to whose benefit all or part of the judgment sought may inure by way of subrogation. Md.Rule 243(b).

The flexibility permitted by the modern rules of pleading results in the procedural problem, implicating the court's subject matter jurisdiction, presented by this motion. Federal Rule 17(a) and Maryland Rule 203(a)[2] both provide that an action shall be brought in the name of the "real party in interest," the person who possesses the substantive right being asserted under the applicable law. Rule 17(a) has been called "a barnacle on the federal practice ship," and its abolition has been urged on the ground that "it serves only to confuse the already complex problems often associated with determining whether diversity of citizenship exists." 6 Wright & Miller, § 1541 at 635. Quite clearly, it has precisely that effect in this case.

The problem would be different were the court able to conclude that Jefferson is not a real party in interest. In the typical insurance subrogation case where an insured has been fully indemnified for his loss, the federal courts have generally held that the insurer is the real party in interest and must sue in its own name.[3] *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 380–81, 70 S.Ct. 207, 215, 94 L.Ed. 171 (1949); *Virginia Elec. & Power Co. v. Carolina Peanut Co.*, 186 F.2d 816, 820 (4th Cir. 1951). Were this the case here, the court would have to decide whether to dismiss the action or to require joinder of the insurer under Rule 19.

The instant case is different, however, in two significant respects. First, the claim against Ametek is in excess of the amount paid or to be paid by INA to Jefferson or on her behalf. INA therefore is only partially subrogated to the rights of its insured. Any recovery in excess of the benefits paid by the insurer will be payable directly to Jefferson. As each stands to recover from Ametek upon a finding of liability, both Jefferson and INA are, in every sense of the term, real parties in interest.

An even more significant difference arises out of the statutory underpinning for the present cause of action. The Maryland Workmen's Compensation Act expressly authorizes Jefferson, as an "injured employee," to bring suit in her own name against the third party allegedly liable for her injuries. Md.Code Ann., Art. 101, § 58 (1979 supp.). Under both the federal and state rules, a party so authorized by statute is entitled to sue "in his own name without joining with him the party [person] for whose benefit the action is brought." Fed. R.Civ.P. 17(a); Maryland Rule 203(b)(10). Thus, unlike a case involving an insurer fully subrogated to the rights of its insured against a third party tortfeasor, this action is one in which there are two real parties in interest, either of which is capable of bringing the action in its own name.

The conclusion that either Jefferson or INA, or both, are real parties in interest illuminates but does not answer the jurisdictional issue that is presented. That issue turns on whether Jefferson's suit "to her own use and the use of INA" makes INA a named real party in interest. Based on its review of the authority in this area, the court is constrained to hold that only Jefferson is a named party plaintiff.

The status of a use plaintiff as a party to the litigation is addressed at 67A C.J.S.

**2.** It is beyond dispute that the federal rules control the lawsuit at this stage. Reference is made to the Maryland Rules only inasmuch as they were applicable when the case was filed in the state court. In any event, Maryland Rule 203 appears to mirror Fed.R.Civ.P. 17(a) in every significant respect, and Maryland authority offers little in the way of assistance.

**3.** The result would apparently be the same under Maryland authority. *See* Maryland Rules 203(d), 243.

*Parties* § 15, at 667. In relevant part, that section states:

> Where an action is brought for the use of another, a court of law may recognize only the person in whose name the action is brought as plaintiff.
>
> \*     \*     \*     \*     \*     \*
>
> While the use-plaintiff is generally regarded as the real plaintiff in an action brought for his use, and in modern practice, as a matter of convenience, the court may declare and protect his rights, *he is not a party to the action in a legal sense.*

67A C.J.S. *Parties* § 15, at 667 (emphasis added). A review of the authorities shows this to be a correct explication of the law.[4]

These principles are supported by precedent of considerable age and clarity. In *Osborn v. Bank of the United States*, 9 Wheat. 738, 856, 6 L.Ed. 204, 232 (1824), Chief Justice Marshall believed it "the universally received construction" that "jurisdiction is neither given nor ousted by the relative situation of the parties concerned in interest, but by the relative situation of the parties named on the record." From this and other early decisions,[5] one noted commentator has extrapolated the rule that "one who has the legal right to sue and to represent those having a beneficial interest in the recovery is not treated as a nominal party, and *his citizenship, rather than the citizenship of those whom he represents, is looked to for determining diversity.*" C. A. Wright, *Law of Federal Courts*, § 29 at p. 108 (3d ed. 1976) (emphasis added).

More recent authority on this issue, as well as the supplementary question of join-der under Rule 19, is the decision of the Fourth Circuit in *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78 (4th Cir. 1973), *cert. denied*, 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974) (VEPCO). That case is so similar as to merit further discussion.

In *VEPCO*, the action was brought by plaintiff on its own behalf and on that of its insurer and partial subrogee (oddly enough INA), to recover damages resulting from the failure of a VEPCO power station. Jurisdiction was based on diversity of citizenship. Defendants, one of whom as here was a Pennsylvania corporation, moved to dismiss the action on alternative grounds; first, that INA as real party in interest was required to bring the action; and alternatively, that INA was an indispensable party under Rule 19(b). Either disposition would have had the effect of destroying diversity jurisdiction, thus requiring dismissal.

In holding that VEPCO could pursue the action for the entire loss and that joinder of INA was not required, the Fourth Circuit concluded that "[w]here there is partial subrogation, there are two real parties in interest under Rule 17." 485 F.2d at 84. There, as here, the partially indemnified plaintiff had both a "significant pecuniary interest" and an entitlement under the substantive law of the forum state to bring suit for the entire loss, even though INA would ultimately receive at least a substantial part of any recovery.[6] *Id.* at 83–84. The court expressly rejected the argument that the naming of INA as use plaintiff and the

---

4. The determination that a use plaintiff is not a properly named party is entirely consistent with logic as well. To find otherwise would be to hold that theoretically, Ametek could raise as a permissive counterclaim in this action a claim against INA wholly unrelated to Jefferson, the party of whose injury these proceedings are born. Such a result would seem incorrect in light of authority which holds that upon voluntary dismissal by a named plaintiff, the use plaintiff is without legal right or authority to prosecute an action to judgment for its own benefit. *See* 67A C.J.S. *Parties* § 15, at 667 n.70.

5. *Childress v. Emory*, 8 Wheat. 642, 668–69, 5 L.Ed. 705, 711 (1823); *Chappedelaine v. Dechenaux*, 4 Cranch 306, 2 L.Ed. 629 (1808).

6. The *VEPCO* action sought $2,100,000, of which $1,900,00 was to reimburse INA for the amount paid to VEPCO under the insurance policy. In the present action, no precise numerical breakdown is available, but the *ad damnum* clause states a claim in the amount of $3,500,000 compensatory and $5,000,000 punitive damages. Jefferson, unlike VEPCO, sustained personal injury and seeks damages for both physical and emotional trauma.

presence of its counsel [7] conferred upon it the status of a party to the litigation. *Id.* at 84 n.13. In a further footnote, Judge Craven discussed the diversity of citizenship question as follows:

> Where an insured has been fully recompensed but appears as a party, the insured is a nominal party only. The insured's citizenship is not considered for purposes of diversity of citizenship, and upon timely motion the insurer-subrogee must be substituted as the party plaintiff.
> . . . In the present case, the subrogation is only partial, and *it is only the citizenship of the plaintiff,* VEPCO, *which is considered in determining diversity.*

*Id.* at 83 n.8 (emphasis added).

From these authorities, the court concludes that a partially subrogated workmen's compensation insurer named only as a use plaintiff is not a properly named party to an action brought by its insured as real party in interest.[8] INA's citizenship is therefore immaterial to the question of diversity jurisdiction, a matter to be decided upon the citizenship of the insured on the one hand and the party alleged to be liable on the other. This holding is expressly limited to those cases in which the injured employee, or one suing on his behalf under the Act, Art. 101, § 58, chooses to bring the action in his own name with the insurer as a use plaintiff. Cases so titled are thus placed upon the same footing as those in which either of the parties entitled to recovery elects to prosecute an action on its own. Where, on the other hand, the insurer and insured join together as parties plaintiff, the normal rules requiring complete diversity between all adverse parties apply.

The *VEPCO* decision appears quite clearly to hold that in cases of partial subrogation, such joinder is at the exclusive discretion of plaintiffs and is a matter to be determined in advance of filing the complaint. As noted, defendants in *VEPCO* sought to place that case in a posture requiring dismissal by contending that INA was required to be joined as an indispensable party under Rule 19(b). Notwithstanding the fact that Jefferson has not similarly sought to destroy federal jurisdiction by joining INA as a party plaintiff, a brief consideration of the joinder question is in order insofar as it flows directly from the court's decision that INA is not at present a properly named party.[9]

*VEPCO* also illuminates the distinction between a real party in interest under Rule 17 and a party to be joined under Rule 19. Having determined here that INA is a real party in interest, although not a named plaintiff, the question remains whether it

---

**7.** It appears from the pleadings that INA is represented by counsel in this action as well. In light of the Fourth Circuit's express consideration and rejection of this factor, this court is similarly unpersuaded that an appearance by counsel on behalf of INA renders it a party to this litigation.

**8.** Despite appearances, this holding is in no way inconsistent with that of Judge Harvey in *Potomac Electric Power Co. v. Babcock & Wilcox Co.,* 54 F.R.D. 486 (D.Md.1972). There, PEPCO brought an action to its own use and to the use of its two insurers, one of whose presence created an issue as to diversity jurisdiction. Defendants moved to dismiss for lack of subject matter jurisdiction. Conceding that their presence raised serious jurisdictional questions, PEPCO moved under Rule 21 to drop the insurers as use plaintiffs. The actual issue before the court was whether either Rule 17 or Rule 19 required joinder of the insurers. 54 F.R.D. at 487, 488. Here, the issue squarely presented by the motion to remand is whether

INA as use plaintiff is a party to the litigation for purposes of determining whether diversity jurisdiction exists. The joinder issue central in *PEPCO* is not directly presented to this court. To the extent that our views on that question may appear divergent, it should be noted that the intervening decision of the Fourth Circuit in *VEPCO* is viewed as controlling. Moreover, the Rule 19(b) analysis of whether a party is "indispensable" "can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968).

**9.** As "[t]he right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed," *Salem Co. v. Manufacturers' Co.,* 264 U.S. 182, 189, 44 S.Ct. 266, 267, 68 L.Ed. 628 (1924), even the joinder of INA as a party plaintiff would not bring about remand, but would seemingly require outright dismissal of this action.

must be joined as a named plaintiff because it is an indispensable party.

Rule 17 and Rule 19 share as a common goal the protection of defendants from multiple litigation of the same claim. *VEPCO*, 485 F.2d at 84–85. As a general rule, a partial subrogee is a person to be joined if feasible under Rule 19(a). *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 381–82, 70 S.Ct. 207, 215–216, 94 L.Ed. 171 (1949). Here, however, as in *VEPCO*, joinder of the partial subrogee would destroy diversity jurisdiction, and should be determined by the more restrictive test of Rule 19(b). Of the four factors enumerated therein [10] and considered in detail by the Fourth Circuit in *VEPCO*, this court views as most probative the fact that a judgment entered in this litigation will be binding on INA despite its absence as a formal party.

In *VEPCO*, there existed an agreement conferring upon INA exclusive control of the litigation. In addition, counsel for INA had expressed to the court a willingness to execute a further agreement under which it would be bound by any final judgment. Finally, the controlling substantive law of Virginia provided that any judgment would have full *res judicata* effect as to INA.

While the court is unaware of the existence or details of any similar agreement between Jefferson and INA in the present case, the cooperation of their respective counsel is apparent. Without engaging in any unnecessary speculation as to control of the lawsuit, the court is satisfied that Maryland law effectively precludes relitigation of this case by INA. The Workmen's Compensation Act establishes a statutory lien on any recovery in favor of the insurer in the amount of its payments to or on behalf of the insured employee. Md.Code Ann., Art. 101, § 58. *See Brocker Mfg. & Supply Co.*

*v. Mashburn*, 17 Md.App. 327, 301 A.2d 501 (1973). The Act further provides that after recovery of the excess over that amount, if any, by the injured employee, the "case shall thereupon be deemed to have been finally settled and closed." Art. 101, § 58.

To the extent relevant, analysis of the other Rule 19(b) factors also supports the conclusion that INA need not be joined. As INA is presently participating in the litigation as use plaintiff and thus has the opportunity to litigate fully its rights as subrogee, neither it nor any party is likely to be prejudiced on the merits by its nonjoinder. Should any such prejudice arise, the court is fully capable of shaping relief to lessen or avoid it. All of these factors and the decision in *VEPCO* under almost parallel circumstances support the conclusion that the action should continue without the joinder of INA. The availability of an adequate remedy upon dismissal for nonjoinder need not be addressed. *See Potomac Electric Power Co. v. Babcock & Wilcox Co.*, 54 F.R.D. 486, 492 (D.Md.1972).

Accordingly, it is this 3rd day of April, 1980, by the United States District Court for the District of Maryland,

ORDERED that the motion to remand this case to the Superior Court of Baltimore City be, and the same hereby is, DENIED.

---

**10.** As set forth in the Rule, those factors to be considered by a court to determine "whether in equity and good conscience the action should proceed among the parties before it" are:

first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.