**INTEROCEAN SHIPS, INC., a Delaware Corporation, Plaintiff**

**v.**

**SAMOAN GASES, a Corporation, Defendant**

High Court of American Samoa
Trial Division

CA No. 123-85

August 3, 1993

Before RICHMOND, Associate Justice, and TAUANU'U, Chief Associate Judge.

Counsel: For Plaintiff, William H. Reardon and William L. Banning
For Defendant, Gata E. Gurr

Opinion and Interim Orders:

The bifurcated damage phase of this strict products-liability action came regularly for trial on July 14, 1993. Both plaintiff and defendant filed bench briefs on several issues of law, which we feel require clarification prior to the continuance of this trial on September 13, 1993. The defendant has also filed two motions; one for summary judgment and the other for continuance to join a real party in interest under T.C.R.C.P. 17(a). The merits of these motions are considered below.

## I. Collateral Source Rule

Defendant asserts in support of its motion for summary judgment that the plaintiff has been compensated for any and all damages incurred due to the explosion on board the Ocean Pearl by its insurer and is, therefore, not entitled to further recovery. Defendant's theory seems to be that the plaintiff has already been fully reimbursed for all expenses incurred as a result of the explosion, making a showing of damages impossible as a matter of law. Under this reasoning, the only party with a cognizable claim against defendant is the plaintiff's insurer. We disagree.

Defendant's argument fails because of the well-established collateral source rule. This rule encourages the use of insurance by denying the tortfeasor the benefits of the plaintiff's foresight in purchasing insurance. Typically, the rule provides that "if an injured party receives some compensation for his injuries from a source wholly

independent of the tortfeasor, such payment should not be deducted from the damages which the plaintiff would otherwise collect from the tortfeasor." *Berg v. First State Insurance Co.*, 915 F.2d 460, 467 (9th Cir. 1990) (quoting *Helfend v. Southern California Rapid Transit Dist.*, 2 Cal. 3d 1, 6, 84 Cal. Rptr. 173, 175, 465 P.2d 61 (1970)).

The collateral source rule is applicable in virtually all tort cases, and its applicability in admiralty has not been questioned. *Cf. Dillingham Tug v. Collier Carbon & Chemical Corp.*, 707 F.2d 1086, 1091 (9th Cir. 1983) (collateral source rule not applicable to admiralty case only because source was not "independent"). Plaintiff's right to recover from defendant is undisturbed by any insurance payments received. The motion for summary judgment must, therefore, be denied.

## II. Subrogation

Defendant cites *Shambley v. Jobe-Blackley Plumbing & Heating Co.*, 142 S.E.2d 18 (N.C. 1965), in support of its position that full payment by the insurer of an insured's claim makes that insurer the real party in interest and, therefore, the exclusive plaintiff, as mandated by T.C.R.C.P. Rule 17(a). However, that case stands for the proposition that "[a]n insurance company is only a necessary party plaintiff when it has compensated the insured for the insured's *entire* loss." *Howard v. Smoky Mountain Enterprises*, 332 S.E.2d 200, 202 (N.C. 1985) (citing *Shambley, supra*) (emphasis added).

Plaintiff's own memorandum in support of its motion for summary judgment reveals that the insurer did not pay for at least two items prayed for as damages: lost profits and attorney's fees. The payment of only part of the plaintiff's damages makes the insurer *a* real party in interest (along with the plaintiff), but not *the* real party in interest.

While Rule 17(a) does not, in this instance, necessarily mandate that the insurance company be made a party, there is support for the position that T.C.R.C.P. Rule 19 mandates such joinder. *See United States v. Aetna Casualty & Surety Company*, 338 U.S. 366 (1949). However, the facts before the Supreme Court in *Aetna Casualty* were quite different from those presently before this court. That opinion considered four consolidated cases; a subrogated insurance company was a party in all of these four. In *Braniff Airways v. Falkingham*, 20 F.R.D. 141, 144 (D. Minn. 1957), the court noted that in *Aetna Casualty*,

110

none of the cases had the suit been brought by the insured person alone. Thus, the issue of compelling the joinder as a party plaintiff of a partial insurer subrogee in a suit brought by the insured alone to recover the full loss was not before the Court. This distinction is important because when partial insurer subrogees bring suit and other insurer subrogees are not joined, there is the possibility of a multiplicity of suits being brought against the defendant and the compulsory joinder of all of them is required to avoid such an occurrence and to settle the controversy between them in one lawsuit, but when the insured brings suit alone, to recover for the whole loss, the controversy can be adjudicated completely and finally without the joinder of the insurer subrogees, and the defendant will have only one lawsuit to defend.

*Braniff*, 20 F.R.D. at 144 (emphasis omitted). *Accord, Garcia v. Hall*, 624 F.2d 150, 152 (10th Cir. 1980); *Dudley v. Smith*, 504 F.2d 979 (5th Cir. 1975); *Virginia Electric & Power Co. v. Westinghouse Electric Corp.*, 485 F.2d 78 (4th Cir. 1973).

*Aetna Casualty* may be further distinguished from the instant case in that it interpreted an older version of Fed. R. Civ. P. Rule 19, rather than the current version which T.C.R.C.P. Rule 19 more accurately reflects. *See Dudley v. Smith*, 504 F.2d at 983. The current Fed. R. Civ. P. Rule 19, like T.C.R.C.P. Rule 19, places explicit emphasis on the threat of multiplicity of suits in guiding the joinder of necessary parties; this emphasis was not present in the Rule 19 the *Aetna Casualty* court interpreted.

As there is no danger in the instant case that defendant will face future lawsuits from plaintiff's insurer,[1] the motion for continuance to allow the insurer as a real party in interest to join or file action under T.C.R.C.P. Rule 17(a) is denied.

---

[1] The court may exercise its equitable power to prevent such perils. *See, e.g., Virginia Electric Power*, 485 F.2d at 84 & n.15; *Braniff*, 20 F.R.D. at 145 n.9.

### III. Admissibility of Administrative Law Judge's Ruling

Defendant seeks to admit into evidence a ruling issued by an administrative law judge, suspending the license of Richard Gonsalves, Chief Engineer of the Ocean Pearl at the time of the explosion. Plaintiff asserts that this decision is inadmissible because it was vacated upon appeal by the Vice Commandant of the Coast Guard[2] and because the administrative hearing was procedurally flawed.

We agree with plaintiff's position that an order or opinion, once vacated, is of no value to later inquiry. *See O'Connor v. Donaldson*, 422 U.S. 563 (1975). Having so held, we do not feel the need to consider the alleged procedural deficiencies. The ruling of the administrative law judge is, therefore, inadmissible.

### IV. Apportionment of Fault Among Parties Not Present Before the Court and Defendant's Failure to Plead Third-Party Fault as an Affirmative Defense

Plaintiff argues that defendant has waived its right to offer proof of fault of other contributory parties (namely, the suppliers of the fuel and starter fluid), since it did not raise the issue of third-party fault as an affirmative defense in its answer. Plaintiff also asserts that this court may not decrease defendant's liability by considering the fault of third parties (namely the fuel and starter-fluid suppliers) not presently before the court.

In support, plaintiff cites *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449 (10th Cir. 1982). However, this case provides support for defendant's position, rather than plaintiff's view. The *Hardin* court, interpreting Kansas substantive law, noted that "[u]nder the doctrine of comparative fault all parties to an occurrence must have their fault determined in one action, even though some parties cannot be formally joined or held legally responsible." *Id.* at 454 (quoting *Albertson v. Volkswagenwerk Aktiengesellschaft*, 230 Kan. 368, 374, 634 P.2d 1127, 1132 (1981)). The court went on to say that they "reject plaintiff's contention that the fault of phantom parties cannot be compared [with that of the parties presently before the court]." *Id.* at 454. Indeed, if it were

---

[2] The Commandant of the United States Coast Guard has appellate jurisdiction over such administrative hearings, pursuant to 46 U.S.C. § 7702 and 46 C.F.R. § 5.30-1.

not possible to hold a trial with absent causal parties, then the entire scheme of comparative fault could be frustrated by the private settlement between a plaintiff and any one of several joint tortfeasors.

Plaintiff's procedural objections regarding defendant's failure to plead third-party fault are similarly discussed in *Hardin*. In applying Rule 15(b) of the Federal Rules of Civil Procedure,[3] the *Hardin* court said that "[t]he test of consent is whether the opposing party had a fair opportunity to defend and whether he could have presented additional evidence had he known sooner the substance of the amendment." *Id.* at 457. The court may allow amendment under Rule 15(b) even without consent, but it must be sure to carefully consider the potential for unfair surprise which may result. *See* 6A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1491 (1990).

We find no indication that plaintiff would face unfair or prejudicial surprise by allowing the comparison of fault of nonparties. Our first opinion in this matter, dated December 22, 1992, clearly stated that "[t]he causal role of the suppliers of the diesel fuel and the starter

---

[3] Fed.R.Civ.P. 15(b) tracks T.C.R.C.P. 15(b). T.C.R.C.P. 15(b) reads

> Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may by necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to [sic] amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

fluid will be considered [at the time of the trial on damages]." Nearly six months passed between the time of that opinion and the date of the instant trial. Plaintiff requested further clarification as to this issue and was told that the causal role of these "phantom parties" would be considered. In any event, this trial has been continued until September 13, 1993; plaintiff now has over a month to prepare anew for any evidence which defendant may present with respect to the fault of these third-parties. Defendant will be allowed to present further evidence on the diesel fuel and starter fluid suppliers' fault.

### V. Apportionment of Fault to Settling Third Parties

The rule in admiralty is that the burden lies upon the defendant to prove the degree of fault of settling third-parties not present before the court. *See, e.g., Leger v. Drilling Well Control, Inc.*, 69 F.R.D. 358 (D. La. 1976), *aff'd* 592 F.2d 1246 (5th Cir. 1979). Once this burden has been met, and the exact percentages of fault are established, then liability will be calculated pro-rata. The percentage of fault assigned to defendant will be multiplied by the amount of damages proven at trial. The dollar amount of settlements made by third parties, as opposed to their percentages of fault, will not be considered. *See Leger v. Drilling Well Control, Inc.*, 592 F.2d 1246 (5th Cir. 1979); *In re Incident Aboard D/B Ocean King*, 813 F.2d 679 (5th Cir. 1987); *United States v. Reliable Transfer*, 421 U.S. 397 (1975). Damages will be apportioned according to the pro-rata rule.

It is so ordered.