**AMERICAN RAILROAD CO. OF PORTO RICO v. MATTEI.**

**No. 2452.**

Circuit Court of Appeals, First Circuit.

Nov. 26, 1930.

Francis H. Dexter, of San Juan, Porto Rico, for appellant.

Benicio F. Sanchez, of San Juan, Porto Rico (Dubon & Ochoteco, of San Juan, Porto Rico, on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

This is a tort action brought by the plaintiff, a citizen and resident of Porto Rico, against the defendant, a New York corporation, doing business in Porto Rico, to recover damages occasioned the plaintiff's truck in a collision on July 4, 1928, between it and the defendant's passenger train, while the truck was being driven by the plaintiff's servant across the defendant's track at a grade crossing near kilometer 253 in the ward of Indio, municipality of Guayanilla, Porto Rico.

The grounds of negligence charged in the complaint are: (1) Failure to blow the whistle or ring the bell upon approaching the crossing as required by statute; (2) excessive speed of the train; (3) failure to provide chains or gate at the crossing; and (4) failure to keep the crossing in a safe and proper condition for traffic. The amount involved was $3,595, alleged to be made up as follows: Cost of repairs, $1,570; expense of removing the truck from place of accident to shop for repairs, $125; loss of profits in the use of truck from July 4, 1928, to November 24, 1928, $900; depreciation in value of truck after repairs $1,000.

The defendant's answer was in substance a general denial and a plea alleging contributory negligence. There was a trial by jury and a verdict for $2,000, for which judgment was entered. It is from this judgment that the appeal is prosecuted.

The parties stipulated that the plaintiff purchased the truck on a conditional bill of sale; that the vendors had insured their interest in the truck with the Great American Insurance Company, which company caused the necessary repairs to the truck to be paid for, including the expense of moving it, amounting to $1,695.

At the close of the plaintiff's case the defendant moved to dismiss that part of the complaint which seeks to recover as damages the value of the repairs and the cost of removing the truck ($1,695), because the plaintiff had not paid for them; that the Great American Insurance Company paid for the repairs and was the proper party to recover the same in the event of any liability of the defendant. The motion was denied, subject to exception. It was renewed at the close of all the evidence and was again denied. This constitutes the first assignment of error here relied upon.

The second assignment is based on an exception to the charge of the court to the jury. An Act of the Legislature of Porto Rico, approved December 6, 1917 (Laws

1917 No. 70) § 3, subdivision (q), provides that it shall be the duty of every railroad company to provide its locomotives with bells and whistles which shall be used upon approaching curves and road or street crossings. See, also, Rev. Stats. of Porto Rico, § 8969, art. 80. The portions of the charge excepted to are as follows:

"(6) The court instructs the jury that, as a matter of law, if you should conclude or believe that these signals were not given as required by the statute, then that is negligence per se, and if there was a failure on the part of the railroad company, its agents and servants to give the signals with reference to crossing of the road as required by the statute, and if the truck of plaintiff was smashed up by any carelessness and negligence of defendant, its agents and servants, and that carelessness and negligence or failure to give signals, or anything of that sort, was the direct and proximate cause of the collision, if there was one, then, under circumstances of that sort, the plaintiff would be entitled to recover unless you think that at the time of such collision, if there was one at that crossing, the plaintiff or his servant was guilty of gross or willful negligence, or was acting in violation of law, and that such gross and willful negligence or unlawful act contributed to his injury.

"(7) You are instructed that if you conclude that the defendant failed to give the signals required by the statute, as a matter of law, the plaintiff would be entitled to recover such damages as you conclude the defendant has caused to him, unless you conclude from the testimony in the case that, in addition to a mere want of ordinary care, the plaintiff is guilty of gross or willful negligence or an unlawful act, and such gross or willful negligence or violation of law contributed to the injury."

It is unnecessary to cite authorities to the point that the proposition stated in these paragraphs as to gross and willful negligence are clearly wrong. They require the defendant to prove, and the jury to find, not only that the plaintiff was not in the exercise of reasonable care at the time of the collision, but that he was guilty of gross or willful negligence or an unlawful act contributing to cause the accident in order to defeat his right of recovery.

Further, in the last-quoted paragraph, the jury were told that if the defendant "failed to give the signals required by the statute," the plaintiff, "as a matter of law," would be entitled to recover. This also was error. The plaintiff would not be entitled to recover, if the defendant failed to give the statutory signals, unless the jury should find as a fact that such failure was a cause of the collision.

Both of these instructions were given at the request of the plaintiff. They were vitally wrong and misleading. To correct the error and obviate their misleading effect, the court should have specifically called the attention of the jury to them and eradicated the error. This the plaintiff did not ask the court to do, even after the instructions had been specifically excepted to by the defendant and the court did not then correct them. For this reason there must be a new trial.

The motion of the defendant to dismiss that part of the complaint seeking as damages the value of the repairs and cost of removing the truck ($1,695) was properly denied. The plaintiff, the conditional vendee, had no insurance on his interest in the truck and no insurance money was paid to him; and such being the case, he would be the exclusive owner of what he recovered.

Even if he had had insurance on his interest in the truck and it had been paid to him, the action would have been properly brought by him in his name. In such case he would recover and hold in trust for the insurer the damages representing the cost of the repairs and the removal of the truck; and the damages due to his being deprived of the use of the truck and to its depreciation in value, he would keep for himself. Hart v. Western Railroad, 13 Metc. (Mass.) 99, 105, 106, 107, 46 Am. Dec. 719; Illinois Cent. R. R. v. Hicklin, 131 Ky. 624, 115 S. W. 752; Perrott v. Shearer, 17 Mich. 47, 55; Montalvo v. Valdiriesco, 38 Porto Rico, 555; Grasia v. Guardiola, 38 Porto Rico, 575; Hall & Long v. Nashville & C. Railroad Co., 13 Wall. (80 U. S.) 367, 370, 20 L. Ed. 594.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for a new trial; the appellant recovers costs of appeal.