**BRANIFF AIRWAYS, Incorporated, a corporation, Plaintiff,**

v.

**William FALKINGHAM and Minneapolis-Saint Paul Metropolitan Airports Commission, a public corporation, Defendants.**

**Civ. No. 2880.**

United States District Court
D. Minnesota, Third Division.

Jan. 18, 1957.

See, also, 143 F.Supp. 935.

Carl W. Cummins, Jr., Cummins, Cummins, Hammond & Ames, St. Paul, Minn., for plaintiff.

Paul J. McGough and Wright W. Brooks, Faegre & Benson, Minneapolis, Minn., for defendant.

DONOVAN, District Judge.

This matter comes before the Court on motion of the defendant Minneapolis-Saint Paul Metropolitan Airports Commission, herein referred to as the movant, for an order directing that Eagle Star Insurance Company, Limited, a British corporation, and Zurich Insurance Company, a Swiss corporation, herein jointly referred to as the subrogees, be made parties plaintiff in this action on the ground that they are insurer subrogees of the plaintiff, Braniff Airways, Inc., and as such are real parties in interest and necessary parties.

Movant and plaintiff have filed affidavits in support of their respective views as to disposition of the motion. There appears to be no dispute but that plaintiff has been paid the sum of $23,-905.48 pursuant to coverage under insurance issued as contracted for by the subrogees. The plaintiff, thus reimbursed for part of its loss by the subrogees, is suing to recover the whole loss, and the question to be decided on

this motion is whether or not in a suit by the insured to recover the whole loss the partial insurer subrogees are real parties in interest and also necessary parties within the meaning of Rule 17(a) and 19(a) respectively of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■■ No federal right is involved in this action, and so the substantive law of Minnesota will govern.[1] The further question of whether or not a person who is a real party in interest is also a necessary party and not merely a proper one, should be determined by the federal court according to federal rules, not state law, because while state law is to be looked to to determine the parties' substantive rights, the question of whether they are proper or necessary parties is a procedural one and is governed by the provisions of the Federal Rules of Civil Procedure.[2]

■■ It is clear that by the substantive law of Minnesota an insurer who has paid part of an insured's loss is subrogated to the insured's rights as regards the portion of the loss paid by it.[3] This rule of general law may be varied by the terms of the contract of insurance.[4] The contract of insurance involved in the instant case, however, does not vary the general rule. The proof of loss statement contains the following clause:

"In consideration of the payment to be made hereunder I/We hereby subrogate to said company all my/our right, title and interest in and to the property for which claim is being made hereunder, and agree to immediately notify Aero Associates, Inc., (for account of the Company) in case of any recovery of the property for which claim is being made hereunder. I/We also agree to turn over to said Aero Associates, Inc., for account of the company, any such recovery which may be made, or reimburse said Aero Associates, Inc. to the extent of the payment for such property which may be recovered."

It seems evident, therefore, that according to the substantive law of Minnesota the two insurance companies herein have a right of subrogation and are partial subrogees. Since by the state substantive law they have an enforceable right, they are real parties in interest for the purposes of an action in the federal court if it is their wish to pursue it.

■ In Minnesota, however, in a suit by the insured against the alleged wrongdoer to recover the full loss the latter may not compel the joinder of the insurer subrogee as a party plaintiff.[5] In such a suit they are not regarded as necessary parties. However, the decisions in point set forth procedural law, and this Court is not to look to them in deciding the issue before it. The rule on this question of procedure is, however, the same in the federal courts.[6] Even

---

1. Whether or not a person is a real party in interest for the purposes of an action in a federal court is to be determined by the substantive law by which the right sought to be enforced exists. 3 Moore's Fed.Prac., 2nd Ed., p. 1330.

2. 3 Moore, supra, p. 2153; Koepp v. Northwest Freight Lines, D.C.Minn., 10 F.R.D. 524.

3. See Hayward v. State Farm Mut. Automobile Ins. Co., 1942, 212 Minn. 500, 4 N.W.2d 316, 140 A.L.R. 1236.

4. Blair v. Espeland, 231 Minn. 444, 43 N.W.2d 274 (loan receipt clause).

5. Flor v. Buck, 189 Minn. 131, 248 N.W. 743; Solberg v. Minneapolis Willys-Knight Co., 177 Minn. 10, 224 N.W. 271.

6. Yale Transport Corp. v. Yellow Truck & Coach Mfg. Co., D.C.S.D.N.Y.1944, 3 F.R.D. 440, Judge Rifkind; Southern Bell Telephone & Telegraph Co. v. Watts, 4 Cir., 1895, 66 F. 460 (possibly construing state procedural law, however); Accord: Chicago, St. L. & N. O. Railroad Co. v. Pullman Southern Car Co., 139 U.S. 79, 11 S.Ct. 490, 35 L.Ed. 97; American Railroad Co. of Porto Rico v. Mattei, 1 Cir., 1930, 45 F.2d 307; cf. Norwich Union Fire Ins. Soc. v. Standard

though a partial insurer subrogee is a real party in interest, he is only a proper party, not a necessary party, to a suit brought by the insured to recover the full loss.

In support of its motion, movant has cited a number of cases and among them, United States v. Aetna Casualty & Surety Co., 1950, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, in which it is stated that partial insurer subrogees and the insured are necessary parties. An understanding examination of the cases which the Court had before it (four cases arising under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, were combined) reveals that in three of the cases suit had been brought by the partial insurer subrogees against the United States to recover amounts that they had paid certain persons injured by the alleged negligence of the United States, and in the fourth case suit had been brought by the partial insurer subrogee and the insured person, and *in none of the cases had the suit been brought by the insured person alone. Thus, the issue of compelling the joinder as a party plaintiff of a partial insurer subrogee in a suit brought by the insured alone to recover the full loss was not before the Court.* This distinction is important because when partial insurer subrogees bring suit and other insurer subrogees and the insured are not joined, there is the possibility of a multiplicity of suits being brought against the defendant and the compulsory joinder of all of them is required to avoid such an occurrence and to settle the controversy between them in one lawsuit, *but when the insured brings suit alone, to recover for the whole loss, the controversy can be adjudicated completely and finally without the joinder of the insurer subrogees, and the defendant will have only one lawsuit to defend.* That this possibility of having to defend several suits if the partial insurer subrogee were allowed to bring suit under the Federal Tort Claims Act was of concern to the government in the Aetna case is evidenced by the fact that the government made this factor its principal argument against allowing such suits when two of the four cases were before the Third Circuit Court of Appeals.[7] It is not unlikely, therefore, that the Supreme Court was speaking of the insurer subrogees and the insured being necessary parties only in the situation where suit has been brought by an insurer subrogee for only part of the loss and that its statement was not intended to apply to the situation where the insured has brought suit to recover the full loss, a situation which the Court did not have before it.

■■ The instant case as presently aligned cannot possibly embarrass movant financially. Eventually there can be but one recovery. A judgment in favor of plaintiff, who is the party in legal interest, would insulate movant against another suit by plaintiff's insurer.[8] In any

Oil Co., 8 Cir., 1894, 59 F. 984; Firemen's Ins. Co. of Newark, N. J. v. Bremner, 8 Cir., 1928, 25 F.2d 75.

7. Yorkshire Ins. Co. v. United States (Home Ins. Co. v. United States) 3 Cir., 1948, 171 F.2d 374.

In Gas Service Company v. Hunt, 10 Cir., 1950, 183 F.2d 417, also cited by movant, it was held that a defendant may compel the joinder of a partial insurer subrogee in a suit brought by the insured to recover the full loss. The Aetna case, supra, was the sole authority cited. This decision, like Koepp v. Northwest Freight Lines, D.C.Minn.1950, 10 F.R.D. 524 (where the motion of the defendant for an order joining the Employers Mutual Liability Insurance Co. as a party plaintiff in a suit brought by a workman who had received workmen's compensation was granted), extends the Aetna case beyond its facts, and hence its application to the instant case is not warranted. There is no reason for holding that insurer subrogees are necessary parties in such a suit.

8. Blair v. Espeland, supra, and cases cited.

event, the recovery may be impressed with a trust in favor of the party claiming the right to subrogation.[9]

For the reasons above set forth the motion is denied.

9. Koepp v. Northwest Freight Lines, supra, was obviously not intended to extend the reasoning of the Aetna case. The distinguishing features of the instant case must be kept in mind.

See also:

National Garment Co. v. New York, C. & St. L. R. Co., 8 Cir., 1949, 173 F.2d 32, 35, where the Court stated in a dictum that a defendant may prevent the splitting of a cause of action against him by objecting to the absence of the insured in a suit brought by the insurer subrogee and then goes on to say that:

"Where the action is by the insured for the whole loss, the defendant not objecting, the recovery is impressed with a trust for the insurer to the amount to which it is entitled by subrogation."

This dictum is not indicative that the United States Court of Appeals for the Eighth Circuit intends to follow the rule that in a suit by the insured for the whole loss, the partial insurer subrogee must be joined upon objection by the defendant. Nor does it warrant a departure by this Court from the traditional rule.