**PRUDENTIAL LINES, INC., Plaintiff,**

v.

**GENERAL TIRE INTERNATIONAL CO. et al., Defendants.**

**No. 76 Civ. 2834 (LFM).**

United States District Court, S. D. New York.

May 6, 1977.

Symmers, Fish & Warner by William Warner, New York City, for defendant Quin Marine Services, Inc.

Lilly, Sullivan & Purcell, P. C., by George W. Sullivan, New York City, for plaintiff.

OPINION

MacMAHON, District Judge.

Defendant, Quin Marine Services, Inc., moves to dismiss on grounds that plaintiff is not the real party in interest, pursuant to Rule 17(a), Fed.R.Civ.P.

Plaintiff, owner and operator of the SS LASH ITALIA, seeks $2,500,000 for barge and cargo damage allegedly caused by defendant's failure to package and secure the cargo properly. Plaintiff also seeks indemnity for legal expenses.

The purchaser-consignee of the damaged cargo was I.S.C.E. Romchim, State Enterprise for Foreign Trade of Rumania ("Romchim"), and the cargo was insured by United Kingdom Mutual Assurance Association (Bermuda), Ltd. ("United Kingdom"), a foreign corporation that may not be within the jurisdiction of this court. Plaintiff settled the cargo claim with Romchim for $2,000,-000 which was paid by United Kingdom.

Rule 17(a), Fed.R.Civ.P., provides, in part: "Every action shall be prosecuted in the name of the real party in interest. . . ." Defendant asserts that United Kingdom is the real party in interest because it is subrogated to plaintiff and that the action should be dismissed because United Kingdom has not been joined within a reasonable period of time, as required by Rule 17(a). However, in *United States v.*

*Aetna Cas. & Sur. Co.,*[1] the Supreme Court held that the subrogee must sue in its own name only if it paid the entire loss suffered by the insured.

In the present action, the coverage provided by United Kingdom was subject to a per vessel voyage deductible and did not include damage to the barges. Furthermore, plaintiff also seeks indemnity for legal expenses. United Kingdom, therefore, is only a partial subrogee. Consequently, both it and Prudential possess portions of the substantive right, and either may sue in its own name.[2]

This preliminary determination, however, does not resolve the question of whether United Kingdom must be joined, or whether this action must be dismissed in its absence. It is appropriate to consider these questions under Rule 19, Fed.R.Civ.P., because that rule is closely related to Rule 17(a) in that they share a common purpose of preventing the defendant from being subjected to subsequent suit.[3] We, therefore, turn to the question of whether United Kingdom is a "person to be joined if feasible," *i. e.,* whether it is a "necessary" or "indispensable" party under Rule 19.

The Supreme Court concluded in *Aetna,* under old Rule 19, that both the insured and the insurer-partial subrogee were "necessary" parties.[4] However, in *Braniff Airways, Inc. v. Falkingham,*[5] the court found, also under old Rule 19, that the partial subrogee was not a "necessary" party when

suit was by the insured to recover the full loss, as in the present case, and distinguished *Aetna* on the ground that there the action was brought by the insurer-partial subrogee. In the latter case, joinder is required to avoid multiplicity of suits, whereas in the former the partial subrogee is not a "necessary" party because res judicata would protect the defendant from another suit and because the recovery may be impressed with a trust in favor of the subrogee.[6]

Cases decided since Rule 19 was amended in 1966 have gone both ways on the issue of whether a partial subrogee is a "necessary" party.[7] The parties have not directed our attention to, and our own research has not disclosed, any Second Circuit cases on the point. We think determination of whether the partial subrogee is a "necessary" or "indispensable" party must be made on a case-by-case basis.[8]

In the present action, United Kingdom does not fall within the category of "persons to be joined if feasible" or "necessary" parties, for complete relief can be afforded among those already parties in its absence.[9] In addition, disposition of the action in the absence of United Kingdom will not impair or impede its ability to protect its interests because any recovery may be impressed with a trust for its benefit and it can al-

1. 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949).

2. *Id.* at 381–82, 70 S.Ct. 207.

3. See *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.,* 485 F.2d 78, 85–86 (4th Cir. 1973), *cert. denied,* 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974); *Potomac Elec. Power Co. v. Babcock & Wilcox Co.,* 54 F.R.D. 486, 490 (D.Md.1972); C. Wright, Law of Federal Courts § 70, at 296 (2d ed. 1970). See also Fed.R.Civ.P. 19(a)(2)(ii), (b); Notes of Advisory Comm. on Rules, Fed.R.Civ.P. 17(a), 1966 Amendment; *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 110, 113–16, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) (Rule 19); *Honey v. George Hyman Const. Co.,* 63 F.R.D. 443, 447 (D.D.C.1974) (Rule 17).

4. *United States v. Aetna Cas. & Sur. Co., supra,* 338 U.S. at 381, 70 S.Ct. 207.

5. 20 F.R.D. 141 (D.Minn.1957).

6. *Id.* at 144–46.

7. See, *e. g., Dudley v. Smith,* 504 F.2d 979, 983 (5th Cir. 1974) (not necessary party); *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.,* supra, 485 F.2d at 85 (necessary party); *Cleaves v. De Lauder,* 302 F.Supp. 36, 38 (N.D. W.Va.1969) (not necessary party).

8. See *Provident Tradesmens Bank & Trust Co. v. Patterson, supra,* 390 U.S. at 118, 88 S.Ct. 733; *Haas v. Jefferson Nat'l Bank,* 442 F.2d 394, 398 (5th Cir. 1971).

9. Fed.R.Civ.P. 19(a)(1).

ways submit itself to the jurisdiction of this court if it wishes to protect that interest.[10]

Finally, in the present case, we do not think that the absence of United Kingdom will expose the defendants to a substantial risk of incurring double liability or inconsistent obligations[11] because it is in privity with plaintiff since it authorized plaintiff to prosecute this action. Consequently, United Kingdom would be estopped from relitigating defendants' liability under the principles of res judicata.[12] Such a result, moreover, is consistent with Rule 17(a), which provides that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest if the commencement of the action is ratified by the real party in interest.

Even if United Kingdom were a "necessary" party under Rule 19(a), it is clearly not "indispensable" under Rule 19(b), and we find that in equity and good conscience

this action may proceed in its absence.[13] Defendant has made absolutely no showing of any prejudice resulting from the nonjoinder of United Kingdom, and no such prejudice exists because the principles of res judicata will preclude subsequent suit. Furthermore, a judgment rendered in United Kingdom's absence will be adequate because the dispute will be resolved in one proceeding.[14] Finally, it is uncertain whether plaintiff will have a fully adequate remedy if the action is dismissed.

Accordingly, we deny defendant's motion to dismiss.

So ordered.

---

**10.** Fed.R.Civ.P. 19(a)(2)(i); see *Braniff Airways, Inc. v. Falkingham, supra,* 20 F.R.D. at 145–46.

**11.** Fed.R.Civ.P. 19(a)(2)(ii).

**12.** See *Dudley v. Meyers,* 422 F.2d 1389, 1393–94 (3d Cir. 1970); *Jennings v. United States,* 374 F.2d 983, 985–86 (4th Cir. 1967); 1B J. Moore, Federal Practice ¶ 0.411[1] at 1253 (2d ed. 1974). See also *Braniff Airways, Inc. v. Falkingham, supra,* 20 F.R.D. at 144–46; *Pace v. General Elec. Co.,* 55 F.R.D. 215, 218 (W.D. Pa.1972).

**13.** See *United States v. Aetna Cas. & Sur. Co., supra,* 338 U.S. at 382 n.19, 70 S.Ct. 207; *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., supra,* 485 F.2d at 86; *Peoples Loan & Finance Corp. v. Lawson,* 271 F.2d 529, 532 (5th Cir. 1959), *cert. denied,* 362 U.S. 903, 80 S.Ct. 613, 4 L.Ed.2d 555 (1960); *Ford v. United Gas Corp.,* 254 F.2d 817, 819 (5th Cir.), *cert. denied,* 358 U.S. 824, 79 S.Ct. 40, 3 L.Ed.2d 64 (1958); *Morelli v. Northwest Eng'r Corp.,* 30 F.R.D. 522, 524 (E.D.Wis.1962).

**14.** See *Provident Tradesmens Bank & Trust Co. v. Patterson, supra,* 390 U.S. at 111, 88 S.Ct. 733.