KOS f/k/a BOKS, a partnership and Secured Creditor of Sourdough Freight Lines, Inc., Appellant,

v.

Travis Dean WILLIAMS d/b/a Deep Ditch Pilot Car Service, Appellee.

No. 4500.

Supreme Court of Alaska.

Sept. 19, 1980.

Joseph W. Sheehan, Fairbanks, for appellant.

Franklin D. Fleeks, Fairbanks, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

MATTHEWS, Justice.

Travis Dean Williams d/b/a Deep Ditch Pilot Car Service (Williams) obtained prejudgment attachment of certain accounts receivable of Sourdough Freight Lines, Inc. (Sourdough) under Alaska Rule of Civil Procedure 89. KOS, a partnership, was allowed to intervene pursuant to Alaska Rule of Civil Procedure 24 and asserted a priority claim to the attached funds as a secured creditor of Sourdough.

KOS then moved for an order releasing the funds to itself and for judgment on the issue of its priority over Williams. Williams filed opposition on October 26, 1978, and claimed in part that BOKS, a partnership, consisting of Carl Baltrusch, William Koch, Eddie O'Rear and Donald Spafford, held a security interest in the property in question, rather than the partnership called KOS which consists only of O'Rear and Spafford. Williams thus claimed that KOS was not the real party in interest under Alaska Rule of Civil Procedure 17(a).[1] KOS replied that Koch and Baltrusch had withdrawn from the BOKS partnership, that thereafter the partnership name had simply been changed to KOS and that KOS was the same entity as BOKS. Alternatively, KOS argued that since the action was also being maintained in the name of the BOKS partnership by two of the BOKS partners, all of the BOKS partners would be bound by the adjudication in the name of the partnership.

On November 13, 1978, the court entered an order denying KOS' motion for release of funds and judgment and dismissed KOS' claim in intervention, stating:

> Intervenor KOS is dismissed from this action pursuant to Rule 17(a), a reasonable time having been allowed for Intervenor to substitute the real party in interest or satisfy the Court that Intervenor is said real party in interest and Intervenor having failed to satisfy the Court as to either requirement.

From this judgment of dismissal KOS has appealed.

"Our Civil Rules contain provisions which should be used by our courts to ensure that the real contestants in interest are before it, . . . ."[2] One such provision is

1. Alaska R.Civ.P. 17(a) provides:

 *Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the state so provides, an action for the use or benefit of another shall be brought in the name of the state. No action shall be dismissed on the ground that it is not prosecuted in the name of real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

2. *First National Bank of Anchorage v. Zawodny,* 602 P.2d 1254 & n.2 (Alaska 1979), suggesting the use of Alaska R.Civ.P. 19 (Joinder of Persons Needed for Just Adjudication) and Alaska R.Civ.P. 21 (Parties may be added by the court on its own initiative).

contained in Civil Rule 17(a). That rule provides that no action may be dismissed on the ground that it is not being prosecuted in the name of the real party in interest unless (1) an objection to that effect has been made;[3] (2) a reasonable time for joinder of or ratification by the real party in interest has been allowed; and (3) that time has passed without joinder or ratification having been accomplished. The rule contemplates two orders of the court, separated by a reasonable time. The first order must identify the real party who must ratify the action or join it within the reasonable time given, and the second order may dismiss the action after the reasonable time passes without joinder or ratification.[4]

■ Here the court took the second step, but not the first. The order of the superior court must therefore be reversed.

■ Further, there was no factual showing which would justify the court's refusal to consider KOS the real party in interest. It is true that BOKS was a partnership originally formulated by four individuals. But the record indicates that over the course of three years, the partnership was reduced to two individuals–Donald Spafford and Eddie O'Rear–the current partners of KOS. The interests of the other two partners had been disposed of by way of settlements in civil litigation and private negotiations. After these interests were disposed of, BOKS changed its name to KOS, but remained the same entity. Williams did not file affidavits or cite evidence

which might be admissible at trial to refute these assertions. On this record, therefore, the court would not be justified in concluding that KOS is not the real party in interest.[5]

■ KOS also argues that its security interest was entitled to priority over Williams' claim of interest and prejudgment attachment. This issue has not been litigated below and, in view of the allegations of fraud made by Williams, this is a matter to be determined by the superior court upon remand.[6]

REVERSED and REMANDED for further proceedings consistent with this opinion.

BOOCHEVER, J., not participating.

---

3. The objection is ordinarily raised by the defendant in objecting to the status of the plaintiff. However, it may also be raised by the defendant in objecting to its own status, by the plaintiff in objecting to the defendant's status on a counterclaim, by either or both the plaintiff and defendant in objecting to the intervention of another party. The better authority is that the trial judge can raise the objection on his own motion.
3A Moore's Federal Practice, ¶ 17.15–1 at 17–187 (2d ed. 1979) (footnotes omitted).

4. See, e. g., American Optical Co. v. Curtiss, 56 F.R.D. 26, 32 (S.D.N.Y. 1971), allowing a ten-day period and naming the party to be joined or substituted before the action would be dismissed.

5. For a discussion of "real party in interest" in the context of Civil Rule 17(a), see 3A Moore's Federal Practice ¶¶ 17.01 et seq. (2d ed. 1979), interpreting the analogous federal rule.

6. We have examined KOS' argument that the superior court erred in not foreclosing on Williams' bond. The imposition of sanctions is a matter to be left to the discretion of the trial court. Cf. Hart v. Wolff, 489 P.2d 114, 118 (Alaska 1971) (discussing Civil Rule 37 sanctions against a party who has failed to permit discovery). The trial judge did not abuse his discretion by imposing a $100 daily sanction rather than ordering an execution against Williams' bond.