**TRUCKWELD EQUIPMENT COMPANY,**
Cross-Appellant/Appellee,

v.

**SWENSON TRUCKING & EXCAVAT-
ING, INC., Cross-Appellee/Appellant.**

No. 5681.

Supreme Court of Alaska.

Aug. 13, 1982.

Charles D. Silvey, Merdes, Schaible, Staley & DeLisio, Fairbanks, for cross-appellants/appellee.

Mark A. Sandberg, Camarot, Sandberg & Hunter, Anchorage, and Peggy A. Roston, Anchorage, for amicus curiae, Ins. Co. of North America.

Before BURKE, C. J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

This case originated with a suit about damage to a dump truck caused by the failure of a hydraulic assembly which had been repaired by defendant/cross-appellant, Truckweld Equipment Company. Plaintiff/cross-appellee, Swenson Trucking & Excavating, the owner of the truck, filed suit to recover the *entire* amount of the damages, although its insurer, Insurance Company of America [INA] had already paid it $12,000.00 of the $89,000.00 claimed in the suit. Truckweld subsequently obtained summary judgment on all five counts of the complaint and was upheld on four of them on appeal. *Swenson Trucking & Excavating, Inc. v. Truckweld Equipment Co.*, 604 P.2d 1113 (Alaska 1980). Truckweld had received $750.00 in attorney's fees and $364.37 in costs in the trial court. Since Swenson was the prevailing party on appeal, Swenson was awarded fees and costs for the appeal in the amount of $879.50, and the earlier award of fees and costs to Truckweld was vacated.

INA had earlier tried to make arrangements to have its subrogation interest separately represented at the trial, but ultimately agreed to be jointly represented by Swenson's attorney. Each was to bear half of the attorney's fees and costs. On August 26, 1980, only a month before trial, Truckweld moved to name INA as a real party in interest under Alaska Rule of Civil Procedure 17(a). The motion was denied, as was a later motion to dismiss for failure to name the real party in interest. Truckweld made a $5,000.00 offer of judgment. After a jury trial on the remanded count of negligence, a verdict was entered for Truckweld.

Truckweld subsequently moved for an award of costs and attorney's fees against both INA and Swenson, though INA was not a named party. Attorney's fees of $8,033.22 and costs of $2,841.19 were awarded against Swenson. The former figure was reached by reducing the initial attorney's fee figure of $9,000.00 by the amount awarded to Swenson on its earlier appeal and interest. Swenson filed but then abandoned an appeal. Truckweld cross-appealed, seeking a finding that INA should have been joined under Rule 17(a) and a further finding that INA was bound by the litigation and was jointly and severally liable for

attorney's fees and costs. Several attorney's fee and cost items are also appealed. Swenson did not file an answer, but INA sought and was granted leave to file an amicus curiae brief, to which Truckweld then replied.

## I

Rule 17(a) of the Alaska Rules of Civil Procedure provides that:

> *Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the state so provides, an action for the use or benefit of another shall be brought in the name of the state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

This rule and Civil Rule 19 regarding joinder are substantially equivalent to their federal counterparts.

The leading case on the subject of partially subrogated insurance companies as real parties in interest is *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). The fact situations in the cases consolidated there involved insurers who sought to sue in their own names, rather than seeking to avoid it, as here. In dictum however, the court stated:

> In cases of partial subrogation the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for the use of the insurance company, or whether all parties in interest must join in the action. Under the common law of practice rights acquired by subrogation could be enforced in an action at law only in the name of the insured to the insurer's use, as was also true of suits on assignments. Mr. Justice Stone characterized this rule as "a vestige of the common law's reluctance to admit that a chose in action may be assigned [which] is today a formality which has been widely abolished by legislation." Under the Federal Rules the "use" practice is obviously unnecessary, as has long been true in equity. Rule 17(a) was taken almost verbatim from Equity Rule 37. No reason appears why such a practice should now be required in cases of partial subrogation, since both insured and insurer "own" portions of the substantive right and should appear in the litigation in their own names.
>
> Although either party may sue, the United States, upon timely motion, may compel their joinder. Both are "necessary" parties. Rule 19(b), Federal Rules of Civil Procedure. The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim.

338 U.S. at 381–82, 70 S.Ct. at 215–16, 94 L.Ed. at 185–86 (citations, footnote omitted).

The circuits have split on whether to follow this dictum. The circuits not following the above language have generally focused on the 1966 amendment to Rule 19[1] argu-

---

1. The original version of Federal Rule 19 provided that:

(a) *Necessary Joinder.* Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

(b) *Effect of Failure to Join.* When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have

ing that the amendment negated the dictum in *Aetna* by requiring that there be a "substantial risk" of multiple suits before joinder would be required and by eliminating the "necessary party" language cited in *Aetna*. *Glacier General Assurance v. G. Gordon Symons Co.*, 631 F.2d 131 (9th Cir. 1980);[2] *Dudley v. Smith*, 504 F.2d 979, 983 (5th Cir. 1974); *Prudential Lines, Inc. v. General Tire International Co.*, 74 F.R.D. 474, 475–76 (S.D.N.Y.1977); *White Hall Building Corp. v. Profexray Division of Litton Industries Inc.*, 387 F.Supp. 1202, 1206 (E.D.Pa.1974).[3] A number of other circuits have followed *Aetna*, without real discussion of the 1966 amendment. *Garcia v. Hall*, 624 F.2d 150 (10th Cir. 1980); *Virginia Electric & Power Co. v. Westinghouse Electric Corp.*, 485 F.2d 78, 84 (4th Cir. 1973), *cert. denied*, 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974); *Public Service Co. of Oklahoma v. Black & Veatch*, 467 F.2d 1143 (10th Cir. 1972); *Gas Service Co. v. Hunt*, 183 F.2d 417 (10th Cir. 1950); *Ward v. Franklin Equipment Co.*, 50 F.R.D. 93 (E.D. Va.1970). The treatises generally favor the view in *Aetna*. 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1546, at 660 (1971); 3A Moore's Federal Practice § 17.09 [2.–4] at 17–123 to 124 (2d ed. 1977).

■ Those courts which rejected *Aetna* have looked for a "substantial risk" of multiple litigation as a condition of joinder. In each case, they have found that there was no such risk, that the judgment was effectively final, and that the standard for joinder in Rule 19 had not been met. *Dudley*, 504 F.2d at 983; *Prudential Lines, Inc.*, 74 F.R.D. at 475–76; *White Hall Building*

not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be required only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it, but the judgment rendered therein does not affect the rights or liabilities of absent persons.

The revised version provides that:

> Rule 19. *Joinder of Persons Needed for Just Adjudication.*
>
> (a) *Persons to Be Joined If Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the

> action improper, he shall be dismissed from the action.

Both are substantially identical to their Alaskan counterparts.

2. In *Glacier General*, the Ninth Circuit found the standard for forcible joinder of a real party in interest in Rule 19(a). The plaintiff in *Glacier General* was an insurance company which had been partially reimbursed by reinsurers. After examining the cases running each way, the court stated that:

> We hold that the reinsurers are not necessary parties under this standard. The district court granted complete relief among the parties. Disposition of this action in the absence of the reinsurers will not impair or impede their ability to protect their interests because Glacier's recovery is impressed with a trust for the reinsurers in the amounts they are entitled to receive by principles of subrogation. Finally, Symons and Canadian are protected from future actions by the reinsurers. Where, as here, a plaintiff brings suit for an entire claim even though the plaintiff's insurance company has partially reimbursed the loss, the insurance company is not a necessary party.

631 F.2d at 134–35 (citations omitted). The law in Montana was contrary, but since the issue was procedural, federal law governed.

3. One court has distinguished the *Aetna* language by finding that where the insured brings suit for the entire amount, the controversy is completely adjudicated, even where the insurer was not an active participant. *Braniff Airways v. Falkingham*, 20 F.R.D. 141, 144 (D.Minn. 1957).

*Corp.,* 387 F.Supp. at 1206. That argument is certainly applicable here. Section 84 of the Restatement (Second) of Judgments (1942) provides that:

> A person who is not a party but who controls an action, individually or in cooperation with others, is bound by the adjudications of litigated matters as if he were a party if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction; if the other party has notice of his participation, the other party is equally bound.

INA is bound by the result here and has so conceded, so there is no risk of multiple litigation.

A related argument for rejecting the *Aetna* dictum is that it was based on the categories of "necessary" and "indispensable" parties which were established by Rule 19(a) as it existed in 1949. In the language from *Aetna* quoted above, the Supreme Court stated that partially subrogated insurance companies were "necessary parties" under Rule 19. 338 U.S. at 382, 70 S.Ct. at 215, 94 L.Ed. at 186. The 1966 amendments eliminated those categories and arguably eliminated the basis for the dictum also. *See Dudley,* 504 F.2d at 983, n.4, n.5; *Prudential Lines, Inc.,* 74 F.R.D. at 475. After the amendment, the court in *Haas v. Jefferson National Bank of Miami Beach,* 442 F.2d 394, 398 (5th Cir. 1971), stated of the new Rule 19 that:

> The spirit of the Rule is to depart from the tyranny of the old labels of "necessary" and "indispensable," and to solve each problem "in the context of particular litigation." *quoting Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed. 936, 950 (1968).

■ We think, however, that Chief Justice Vinson articulated the proper rule in *Aetna,* and we hold that had appropriate procedures been followed, INA should have been joined. The fact that INA is bound and cannot litigate its claim a second time eliminates only one concern. The policy against use or sham plaintiffs reflected in Rule 17(a) remains unchanged. "The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim." 338 U.S. at 382, 70 S.Ct. at 216, 94 L.Ed. at 186.

The insured party may choose whether or not to sue for the amount for which it has been reimbursed. If it chooses to include the insurer's portion of the claim along with its own, then we think it only reasonable that the insurer also make an appearance. It is highly unlikely that an insured party will bother to include an insurer's portion of the claim without having some arrangement with the insurer for its participation. Even if the insurer is not actively participating, it stands to gain from the litigation, since its share of any recovery will be impressed with a trust for its benefit. Since its claim is being directly litigated, there is no reason that it should not be made a named party.[4]

Moreover, the broad costs and attorney's fees provisions in Alaska make it particularly desirable that all of the concerned parties in a lawsuit make formal appearances. Where a party's claim is directly litigated before the courts of this state, we believe that that party should bear the burdens as well as the benefits of the litigation. In *First National Bank of Anchorage v. Zawodny,* 602 P.2d 1254, 1254 (Alaska 1979), we stated that "[o]ur Civil Rules contain provisions which should be used by our courts to ensure that the real contestants in interest are before it." (footnote omitted). Finally, the counterargument created in federal courts by problems of sometimes destroying diversity jurisdiction by the joinder of insurance companies is inapplicable in our courts. *Garcia v. Hall,* 624 F.2d 150, 152 (10th Cir. 1980); *Virginia Electric & Power Co. v. Westinghouse Electric Corp.,* 485 F.2d 78, 84, 86 (4th Cir. 1973), *cert. denied,* 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974).

---

4. We are not impressed by abstract claims of prejudice resulting from the jury's knowledge of partial coverage. Insurance is a widely accepted fact of life.

■ A motion under Rule 17(a) must be made at the appropriate time, however.

Regardless of what vehicle is used for presenting the objection, it should be done with reasonable promptness. Otherwise, the court may conclude that the point has been waived by the delay....

6 C. Wright and A. Miller, Federal Practice and Procedure § 1554 at 701 (1971). The decision as to whether or not the motion has been made timely is committed to the discretion of the trial judge. *Ibid.* at 701–02, 703; 3A Moore's Federal Practice § 17.15–1 at 17–186 to 187 (2nd ed. 1979); *Audio-Visual Marketing Corp. v. Omni Corp.*, 545 F.2d 715, 719 (10th Cir. 1976).

Here, two motions were made, one to join INA as a real party in interest on August 26, 1980 and a second to dismiss the action for failure to name the real party in interest on September 24, 1980. The trial court denied the first motion noting, (1) at the outset that "it looks like a motion to amend," a comment on the timeliness of the motion since pleading amendments had been closed 60 days before it was made, and (2) that no authorities had been cited to support the motion. The motion to dismiss was denied on the grounds that INA was not a real party in interest and that the motion was untimely. The disposition of the second motion is not questioned on appeal.

■ As to the motion to join INA, Civil Rule 77(b)(2) requires that the points and authorities relied upon by the moving party be cited. Truckweld failed to cite any authority other than the text of the rule. We need not, however, decide whether it was within the trial court's discretion to deny the motion on 77(b)(2) grounds because the motion could properly have been denied on the grounds of untimeliness. The motion was made some five months after INA's interest in the litigation became evident, and only a month before trial. Amendments to the pleadings, the usual result where a real party in interest objection is upheld, had been foreclosed by the pre-trial

order for some 60 days. Under these circumstances there would be no abuse of discretion in denying the motion on the basis that it was made too late.

## II

■ Truckweld also argues that since joinder was not ordered, the superior court should have ordered INA to ratify the action as provided under Rule 17(a). It follows from our discussion of joinder above that where recovery is sought for the claim of a partially subrogated insurer, the insurer is obligated to make a formal appearance of some kind. We agree with Truckweld that ratification is the functional equivalent of joinder as far as the assessment of attorney's fees and costs is concerned. In *KOS v. Williams*, 616 P.2d 868, 870 (Alaska 1980), this court stated that Rule 17(a)

provides that no action may be dismissed on the ground that it is not being prosecuted in the name of the real party in interest unless (1) an objection to that effect has been made; (2) a reasonable time for joinder of or ratification by the real party in interest has been allowed; and (3) that time has passed without joinder or ratification having been accomplished. The rule contemplates two orders of the court, separated by a reasonable time. The first order must identify the real party who must ratify the action or join it within the reasonable time given, and the second order may dismiss the action after the reasonable time passes without joinder or ratification. (footnotes omitted)

Here, Truckweld specifically requested joinder, but not ratification. We assume for the sake of this analysis that no specific request for ratification is necessary if a general objection concerning the absence of a real party in interest is made. However, since ratification is the functional equivalent of joinder, any request for ratification is subject to the same requirements of timeliness which Truckweld failed to meet on its joinder motion. Truckweld was no more

timely on ratification than it was on joinder.[5]

## III

Truckweld also raises a number of attorney's fees and costs issues. It first argues that it should have received its actual legal fees after the date of its offer of judgment. In its memorandum in support of costs, submitted below, Truckweld stated that "[a]n award of $9,000.00 or actual attorney's fees, whichever is less, is the appropriate basis for attorney's fees in this case." Judge Van Hoomissen stated that "under the usual method of figuring fees, defendant is entitled to much more. Defendant would get the whole $10,300 spent after the offer of judgment *plus* a portion of the other $21,150 expended." (Emphasis in original). Judge Van Hoomissen awarded $9,000.00, the lesser amount, but also offset the amount awarded to Swenson on its earlier, partially successful appeal. Truckweld now asks for an award of $10,300.00 in addition to the sum already awarded to it.

■ Judge Van Hoomissen's statement was in error. Actual fees are not to be awarded to a prevailing defendant after an offer of judgment. *Miklautsch v. Dominick*, 452 P.2d 438, 440–41 (Alaska 1969), cited by Truckweld, does not stand for that proposition. Although Rule 68 explicitly awards actual costs in those circumstances, it is silent on the subject of attorney's fees. *Miklautsch* held that *some* attorney's fees should be awarded, not that actual post-offer fees were required. *Farnsworth v. Steiner*, 601 P.2d 266, 272 (Alaska 1979), states the applicable rule, which is that only partial fees should be awarded. Under this rule, we do not find the award of $9,000.00 "manifestly unreasonable," *Scott v. Robertson*, 583 P.2d 188, 194–95 (Alaska 1978).

■ Truckweld also contests Judge Van Hoomissen's decision to offset the legal fees and costs awarded to Swenson after its first, partially successful appeal against the $9,000.00 actually awarded to Truckweld. Truckweld contends that since it was upheld on that appeal on four of the five counts, some of the fees and costs awarded to it by the trial court after summary judgment in 1978 ought to be set off against the fees and costs awarded to Swenson on the earlier appeal. However, even with the offset of the full amount awarded to Swenson, the award made is approximately 30% of Truckweld's total attorney's fees subsequent to the first appeal. We do not find the offset "manifestly unreasonable." *Scott, supra.*

■ Truckweld's third contention is that interest on the fees and costs awarded to Swenson was incorrectly calculated at 10.5% from January 1980. It claims that the 10.5% interest rate did not come into effect until July, 1980, and that interest up to that time should be calculated at the old rate of 8%. That is correct, and the interest should be reduced accordingly.

■ Fourth, Truckweld contends that food costs incurred in the taking of depositions should have been allowed. The amount was denied by the clerk on the grounds that the Fourth Judicial District's policy is not to award food costs. Truckweld argues that this is not a uniform policy, that such costs are sometimes awarded, and that the lack of uniformity encourages arbitrariness. The standard of review on costs awarded under Rule 7(g), Alaska Rules of Civil Procedure, is whether or not

---

5. Truckweld also argues that INA ratified the action for Rule 17(a) purposes by its concession below that the verdict in the trial court was res judicata against it. Truckweld's argument is that res judicata would not apply unless INA were a named party or had ratified the action. Therefore, since INA was not a named party, it must have ratified Swenson's management of its claim.

Ratification under Rule 17(a) is a procedural mechanism far more formal and elaborate than ratification under normal agency doctrine. As the language in *KOS*, quoted *supra*, clearly indicates, ratification under Rule 17(a) requires explicit adoption of the court proceedings in question. Ratification under agency doctrine, on the other hand, can occur by silence or acquiescence. *Bruton v. Automatic Welding & Supply Corp.*, 513 P.2d 1122, 1127 (Alaska 1973). No such explicit adoption of the proceedings ever occurred here.

there was a clear abuse of discretion. *Davis v. Hallett*, 587 P.2d 1170, 1171 (Alaska 1978). We do not find such an abuse of discretion here.

█ Truckweld's fifth contention involves the denial of fees for one of Truckweld's expert witnesses by the clerk of the court. The clerk allegedly stated that the trial court had to review them first. Truckweld claims that Judge Van Hoomissen did not review the figures. The record does establish that Judge Van Hoomissen found that since Truckweld had failed to submit a timesheet for the witness, the figure submitted was too vague. Truckweld argues in response that the judge knew well enough what the expert witness had done, and that there was no need to tell him again. Administrative Rule 7(c) provides that:

> A witness called to testify as an expert shall receive additional compensation to be fixed by the judge with reference to the value of the time employed and the degree of learning or skill required; but such additional compensation shall not exceed $25.00 per hour while so employed and testifying, except as otherwise provided in these rules.

Even if we assume that the trial judge knew the number of hours involved, it is impossible to determine on review whether or not the requirements of that rule are met if no hourly breakdown is provided. A timesheet is required. In these circumstances, there was no clear abuse of discretion.

Finally, the clerk and Judge Van Hoomissen on review, denied certain investigative fees on vagueness grounds. We agree with the trial court that these costs were insufficiently detailed.

The interest calculated on the fees and costs awarded to Swenson shall be recalculated for the period between January 28, 1980 and July 1, 1980 to reflect the then current legal rate of 8%. In all other respects, the Judgment of the trial court is AFFIRMED.