**Hugh Z. SMITH, Louise S. Smith and Newbery Properties, Inc., Appellants,**

v.

**Herbert K.H. LEE, Irene Y. Lee, S.L.A. Properties, Robert J. Krogseng, Melva W. Krogseng, Richard W. Garner, Catherine S. Garner, Arthur C. Mathias, Patricia K. Mathias, John E. McCool, Gerald H. Park, Jean S. Park, Gail F. Stover, Thomas P. Vasileff and Safeco Title Agency, Inc., Appellees.**

**No. S–2607.**

Supreme Court of Alaska.

March 17, 1989.

David A. Lawer, Beard & Lawer, Anchorage, for appellants.

Kenneth L. Wallack, Anchorage, for appellees S.L.A. Properties.

Bruce E. Gagnon, Atkinson, Conway & Gagnon, Anchorage, for appellees Herbert K.H. Lee and Irene Y. Lee.

Before RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

### OPINION

COMPTON, Justice.

This appeal by Hugh and Louise Smith (Smiths) and Newbery Properties, Inc. (Newbery) arises out of the dismissal of their suit for judgment on a note and for foreclosure of a deed of trust. The note and deed of trust were given them by appellees Herbert and Irene Lee (Lees) and were later assumed by appellee S.L.A. Properties (S.L.A.). S.L.A. asserted that the United Bank of Arizona (United Bank) and other unnamed parties, and not the Smiths and Newbery, were the real parties in interest. The trial court dismissed the suit for failure to prosecute in the name of the real party in interest.

The Smiths and Newbery allege that the trial court committed numerous errors in dismissing their suit for failure to prosecute in the name of the real party in inter-

est. We need not address each alleged error[1] as we hold that United Bank, the only named entity identified by S.L.A. as a real party in interest, ratified the action. Therefore, we reverse.

## I. FACTS AND PROCEEDINGS

· The Lees executed and delivered a promissory note and a deed of trust to Newbery–Alaska, Inc. on September 14, 1981. The deed of trust encumbered real property located in Anchorage, Alaska. The Lees later transferred their interest in the property to S.L.A., an Alaska general partnership,[2] which agreed to assume the obligations of the note and deed of trust.

Newbery–Alaska, Inc. transferred 53% of its interest in the promissory note and deed of trust to Hugh Smith. Hugh Smith then assigned one-half of his interest to Louise Smith.

In 1986 Newbery–Alaska, Inc. assigned its remaining interest in the note and deed of trust to Newbery. Newbery twice assigned $590,870.75 of its interest in the note and deed of trust to the United Bank as collateral security for loans of $7,500,-000.00 and $3,500,000.00.

Newbery and the Smiths are currently in possession of the note with United Bank's consent. The note has not been endorsed by the Smiths or Newbery.

In their complaint, the Smiths and Newbery allege that only $9,340.90 of the principal indebtedness has been paid, and that no part of the principal or interest has been paid since November 1986. The Smiths and Newbery also allege that the entire indebtedness evidenced by the note ($1,223,659.10, principal and interest) has been declared due.

The Lees answered the complaint alleging *inter alia* that United Bank was an indispensable party and that plaintiffs had failed to join all real parties in interest. S.L.A.[3] moved for dismissal under Civil Rule 17(a), which requires that every action be prosecuted in the name of the real party in interest.[4]

The trial court granted S.L.A.'s motion. In its order dismissing the action, the court stayed the order for sixty days to allow the Smiths and Newbery time to show "who the real Plaintiffs in interest are, and to allow Plaintiffs to provide for the ratification of commencement of the action by, or joinder or substitution of, the real parties in interest."

The Smiths and Newbery timely filed with the trial court United Bank's assent to the action. S.L.A. then filed a "Notice of Noncompliance with Conditions of Stay" and a motion for costs and attorney fees. The trial court impliedly concluded that the assent did not comply with the conditions of its stay. Thereupon, it entered final

1. We need not address the following errors alleged by the Smiths and Newbery: (1) United Bank was not a real party in interest; (2) There was not sufficient evidence to show that a real party in interest existed whose ratification, joinder or substitution was required; (3) The dismissal order did not identify the real party in interest whose ratification, joinder or substitution was required; (4) The trial court abused its discretion by barring further action on the merits of this case until the judgment for costs and attorney fees was satisfied.

We express no opinion as to whether United Bank is a real party in interest. Only for purposes of this appeal do we assume that United Bank is a real party in interest.

2. The S.L.A. Properties partnership consists of the following individuals: Robert J. Krogseng, Melva W. Krogseng, Richard W. Garner, Catherine S. Garner, Arthur C. Mathias, Patricia K. Mathias, John E. McCool, Margaret L. McCool,

Gerald H. Park, Jean S. Park, Gail F. Stover and Thomas P. Vasileff.

3. According to the record the Lees did not actively participate in this motion. The Lees did file a notice with this court that they support the appellee's brief.

4. Alaska Civil Rule 17(a) provides in part:
    Every action shall be prosecuted in the name of the real party in interest.

    .     .     .     .     .

    No action shall be dismissed on the ground that it is not prosecuted in the name of real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

judgment against the Smiths and Newbery in the amount of $11,005.20 for costs and attorney fees.

The Smiths' and Newbery's motion for reconsideration was denied. They appeal the dismissal order and the award of attorney fees and costs to S.L.A.

## II. UNITED BANK RATIFIED THE MAINTENANCE OF THE ACTION BY THE SMITHS AND NEWBERY

Civil Rule 17(a) ensures that the real contestants are before the court. *Kos v. Williams*, 616 P.2d 868, 869 (Alaska 1980). An action may not be dismissed under Civil Rule 17(a) unless the following three conditions are met: (1) an objection has been made that the action is not being prosecuted in the name of the real party in interest; (2) a reasonable time for joinder or ratification has been allowed; and (3) ratification or joinder has not been accomplished within the time allowed. *Id.* at 870. Here an objection was made and a reasonable time allowed for joinder or ratification. Thus, the only question is whether United Bank's assent constituted a ratification sufficient to allow the Smiths and Newbery to maintain the action.

Newbery and the Smiths argue that United Bank ratified maintenance of the action by specifically agreeing to be bound by the outcome of the suit. S.L.A. argues that no ratification has occurred because United Bank's assent was equivocal and did not express an "agreement or willingness to be bound by any adverse judgments for costs and attorney fees."

This court need not apply the "clearly erroneous" standard when interpreting the words in an uncontested document. *Wessells v. State, Dep't of Highways*, 562 P.2d 1042, 1046 n. 9 (Alaska 1977). Here only the interpretation of United Bank's assent is at issue.

Ratification by the real party in interest is authorized by Rule 17(a). *See supra* note 4; *Municipality of Anchorage v. Baugh Constr. & Eng'g. Co.*, 722 P.2d 919, 925 (Alaska 1986). Ratification assures that the interested party is bound by the outcome of the suit, and that it is subject to

"any orders the court may make concerning discovery or attorney fees." *Id.* at 925. Ratification assures that each party not only reaps the benefit but bears the burden of claims litigated on its behalf. *Id.; Truckweld Equip. Co. v. Swenson Trucking & Excavating*, 649 P.2d 234, 238 (Alaska 1982). As noted in *Truckweld*, ratification requires "explicit adoption of the court proceedings in question." *Truckweld*, 649 P.2d at 240 n. 5. S.L.A. contends this means that the ratifying party must express an agreement or willingness to be bound by any adverse judgment for costs and attorney fees.

S.L.A.'s contention that *Truckweld* requires a party to explicitly agree to be bound by an adverse judgment for costs and attorney fees is not supported by that case. Footnote 5 in *Truckweld* addressed Truckweld's argument that ratification occurred when the insurer acquiesced to the action. *Truckweld*, 649 P.2d at 240 n. 5. The footnote supports only the proposition that silence or acquiescence does not constitute ratification for purposes of Rule 17(a). *Id.* (Citations omitted).

■ *Baugh* does not support S.L.A.'s position either. There we stated that the ratifying party is bound to any assessment of costs and attorney fees. *Baugh*, 722 P.2d at 926. The ratification agreement at issue was found to be sufficient, even though it merely stated that the ratifying party agreed to be bound by the outcome of the municipality's suit. *Id.* at 923. As in *Baugh*, United Bank has agreed to be bound by the outcome of this suit. Thus, we conclude that a real party in interest need not expressly agree to be bound to an adverse judgment regarding costs and attorney fees when ratifying an action. It is sufficient if the ratifying party simply agrees to adopt the court proceedings.

■ United Bank explicitly agreed to be bound by the outcome of this litigation. It further acknowledged that the "conduct of its borrower, the other plaintiffs, and their attorneys in this action will affect, with binding consequences, its interest in the said collateral, and it assents to those con-

sequences." Thus we conclude that United Bank ratified this action, thereby satisfying the requirements of Civil Rule 17(a).

The trial court awarded S.L.A. $11,005.20 in costs and attorney fees. The Smiths and Newbery contest this award. In view of our conclusion regarding the underlying judgment, we vacate the award of attorney fees and costs. *See Dillingham Commercial Co. v. City of Dillingham*, 705 P.2d 410, 417 (Alaska 1985).

## III.  CONCLUSION

The judgment of the superior court is REVERSED and the case is REMANDED for proceedings consistent with this opinion.