NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| FRED CHARLES SCHUSTER, ) | Supreme Court No. S-13507 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-08-09944 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| ELIZABETH RICHTER, ) | AND JUDGMENT* |
| ) | |
| Appellee. ) | No. 1406 - January 18, 2012 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, William F. Morse, Judge.

Appearances: Fred Charles Schuster, pro se, Anchorage, Appellant. James B. Wright, James B. Wright & Associates, P.C., Anchorage, for Appellee.

Before: Carpeneti, Chief Justice, Fabe, Winfree, and Stowers, Justices. [Christen, Justice, not participating.]

1.     At all times relevant to this case, Done Right, Inc., d/b/a Done Right Construction, was a Nevada corporation registered in Alaska to transact business as a construction contractor. Done Right's registered agent in Alaska was Fred Charles Schuster. Schuster was not an officer, director, or shareholder of Done Right, nor was he personally a registered contractor.

---

\*     Entered pursuant to Appellate Rule 214.

2.    In April 2006 Done Right, through Schuster, contracted with Elizabeth Richter for remodeling work in the amount of $11,714. The contract contemplated Richter might request additional work or modifications to the contract, and provided that such changes must be in writing. Sometime after the work was completed, Schuster claimed Richter owed him, personally, nearly $19,000 additional compensation for labor. Richter refused to pay.

3.    Schuster sued Richter in August 2008, seeking $17,040 in compensatory damages for labor, $20,000 in consequential damages, and $51,120 in punitive damages. Richter moved to dismiss the lawsuit, arguing that the real party in interest to any contract claims was Done Right and that to the extent Schuster was suing for his own account his claims were barred by AS 08.18.151.[1] The superior court granted the motion in part, ordering substitution of Done Right as the plaintiff[2] and giving Done Right 20 days for an attorney to enter an appearance on its behalf.[3] Schuster objected, claiming the damages were owed to him personally through his own relationship with Richter. Done Right did not appear in the lawsuit through counsel, and the superior court dismissed the lawsuit for lack of standing. The superior court later clarified that it would likely grant a motion to amend the complaint if Done Right sought

---

[1]    AS 08.18.151 provides, in relevant part, that an unregistered contractor "may not bring an action in a court of this state for the collection of compensation for the performance of work or for breach of a contract for which registration is required."

[2]    See Griffith v. Taylor, 937 P.2d 297, 309 (Alaska 1997) ("before dismissing an action pursuant to [Alaska Civil] Rule 17(a) the court must first enter an order identifying the real party who must ratify the action or join it within the reasonable time given") (citing KOS v. Williams, 616 P.2d 868, 870 (Alaska 1980)).

[3]    AS 22.20.040(a)(2) provides, in relevant part, "a corporation . . . shall appear by an attorney in all cases."

to be substituted as plaintiff and was represented by counsel. After final judgment was entered, Schuster appealed.

4. To the extent Schuster was attempting to enforce and recover under the contract between Done Right and Richter, the superior court correctly dismissed the lawsuit under Civil Rule 17.[4] To the extent Schuster was attempting to enforce and recover under a putative contractual or quasi-contractual relationship with Richter, the superior court correctly dismissed the lawsuit under AS 08.18.151.[5] Because the superior court correctly dismissed the lawsuit on the ground that Schuster had no enforceable claims, Schuster's argument that the superior court wrongfully denied him a jury trial is without merit.[6]

5. The superior court's dismissal of Schuster's claims against Richter is AFFIRMED.

---

[4] *Cf.* Rule 17(a) ( "Every action shall be prosecuted in the name of the real party in interest.").

[5] The facts of this case do not implicate the question of substantial compliance with the contractor registration statute. *Cf. McCormick v. Reliance Ins. Co.*, 46 P.3d 1009, 1012 (Alaska 2002) ("[S]ubstantial compliance involves conduct which falls short of strict compliance with the statutory registration requirements, but which affords the public the same protection that strict compliance would offer.") (quoting *Jones v. Short*, 696 P.2d 665, 668 n.10 (Alaska 1985)).

[6] *See, e.g., DeNardo v. ABC Inc. RVs Motorhomes*, 51 P.3d 919, 927 (Alaska 2002) (holding proper Rule 37 sanction dismissing claim not a violation of right to jury trial); *Christensen v. NCH Corp.*, 956 P.2d 468, 477 (Alaska 1998) (holding proper Rule 56 summary judgment dismissing claim not a violation of right to jury trial).